Robert E. **COTNER,** Plaintiff-Appellant,

v.

**UNITED STATES PAROLE COMMISSION,** Defendant-Appellee.

No. 83–1757.

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1984.

Hugh Whiting, Patricia Villareal (court-appointed), Dallas, Tex., for plaintiff-appellant.

Leonald Schaitman, Jenny A. Sternbach, Attys., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before BROWN, TATE, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Robert E. Cotner, while in federal prison, sought disclosure of his parole file from the United States Parole Commission after denial of his application for parole. The Parole Commission released all requested documents except Cotner's presentence report, which was withheld on the ground it was a "[c]ourt document not subject to the Privacy Act."[1] Cotner filed an administrative appeal, claiming the report was an "agency record" subject to disclosure under the Freedom of Information Act and the Privacy Act. The Department of Justice affirmed the Commission's withholding as proper under Exemptions 5 and 6 of the FOIA, 5 U.S.C. §§ 552(b)(5) and (b)(6). Cotner then brought suit under the FOIA, requesting that the district court compel the Commission to release a copy of his report. The Commission claimed that presentence reports were "court documents" not subject to disclosure under the FOIA, 5 U.S.C. § 551(1)(B); and that even if classified an "agency record," Cotner's presentence report was properly withheld under Exemption 3 of the Act, 5 U.S.C. § 552(b)(3). The district court denied Cotner access to his presentence report, but did not reach the agency records or exemption issues. In granting summary judgment in favor of the Commission, the district court was led to rely upon a standing order of the sentencing court prohibiting disclosure of "confidential" presentence reports as property of the United States Courts. Both parties base this appeal on other questions of law.

On appeal, the Commission initially contended that presentence reports were court records not subject to the FOIA. At that time, a circuit conflict existed as to whether presentence reports in the hands of the Parole Commission were "agency records" or "court records" explicitly exempted from FOIA coverage. Both the District of Columbia and Ninth Circuits had classified

1. Cotner was allowed to read, but not retain, a copy of this report, prepared at the direction of the sentencing court, Fed.R.Crim.P. 32(c)(1), and in the possession of the Commission, 18 U.S.C. § 4205(e), both before sentencing, Rule 32(c)(3)(A), and before his requested parole hearing, 18 U.S.C. § 4208(b).

such reports agency records for purposes of the FOIA. *See Lykins v. United States Department of Justice,* 725 F.2d 1455 (D.C.Cir.1984); *Carson v. United States Department of Justice,* 203 U.S.App.D.C. 426, 631 F.2d 1008 (D.C.Cir.1980); *Berry v. Department of Justice,* 733 F.2d 1343 (9th Cir.1984). The First Circuit, on the other hand, had found such presentence reports to be court records. *See Crooker v. United States Parole Commission,* 730 F.2d 1 (1st Cir.1984), *cert. granted, judgment vacated and remanded* — U.S. ——, 105 S.Ct. 317, 83 L.Ed.2d 255 (1984). *See also United States v. Charmer Industries, Inc.,* 711 F.2d 1164 (2d Cir.1983); *United States v. Dingle,* 546 F.2d 1378 (10th Cir. 1976). The Commission also argued that such reports were nevertheless immune under Exemption 3(A) of the Act, prohibiting disclosure of matters exempted by other explicit nondisclosure statutes. 5 U.S.C. § 552(b)(3)(A). At oral argument, however, the attorney for the government informed this court that the Commission was no longer relying on the argument that presentence reports were non-agency records and that this change in position was the decision of the Solicitor General, who had only recently had occasion to examine the government's position. His assessment came with preparation of the government's response to a petition for a writ of certiorari in the related case of *Crooker v. United States Parole Commission,* 730 F.2d 1 (1st Cir.1984). While this change in position was late in coming, it actually reflected the first opportunity the Solicitor General had to review the government's stance on the "agency records" issue. This occurred because until *Crooker,* the government had been appellee in all decided and pending appellate cases involving the "agency" status of presentence reports, and as such, Solicitor General review and authorization was not required. 28 C.F.R. § 0.20. *Crooker* was the first case where the "agency records" issue was presented to the Supreme Court, and to which the Solicitor General was required to respond.

In his Brief in Opposition, the Solicitor General requested that the Supreme Court decline the petition for writ of certiorari, reasoning that the circuit conflict was "of no continuing importance because presentence reports will not be withheld by the Parole Commission under the FOIA on the agency records ground in the future." The Solicitor General tells us by brief that he came to this conclusion after reviewing the disclosure provisions of the Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201, et seq., and the text and background of the 1983 amendments to Fed.R. Crim.P. 32(c), apparently unexamined by the *Crooker* panel. On October 29, 1984, the Supreme Court granted certiorari in *Crooker,* vacated the judgment, and remanded the case to the First Circuit "for further consideration in light of the Solicitor General's present interpretation of Fed. R.Crim.P. 32 asserted ... on behalf of the Parole Commission."

The Parole Commission now contends that although Cotner's presentence report in its possession is an agency record, it is exempt from disclosure under the FOIA. In view of the substantial shift in the government's position, we believe the applicability of these statutory exemptions is a matter to be resolved in the first instance by the district court. We are aware that the exemptions upon which the government apparently intends to rely are different from those urged either below or on appeal. We also recognize the policy ordinarily precluding consideration of exemptions not presented to the district court at the earliest opportunity, *see Carson v. United States Department of Justice,* 203 U.S. App.D.C. 426, 631 F.2d 1008, 1015 n. 29 (D.C.Cir.1980); *Ryan v. Department of Justice,* 199 U.S.App.D.C. 199, 617 F.2d 781, 792 (D.C.Cir.1980); (first consideration on remand); *Jordan v. United States Department of Justice,* 192 U.S.App.D.C. 144, 591 F.2d 753, 779–80 (D.C.Cir.1978) (en banc) (unurged exemptions on appeal), but believe it to be inapposite here. The government's change of position is not calculated to gain any tactical advantage in this particular case. Rather, we face a fundamental shift in government policy, re-

sulting from a considered review consistent with the historically unique and functionally important relationship between the office of Solicitor General and the Supreme Court. We see nothing untoward in the change of position, and in remanding, only acknowledge and serve this historical relationship, punctuated as it is by a critical blend of candor, advocacy and trust. We therefore vacate the grant of summary judgment and remand the case to the district court to consider whether any of the Commission's new exemption claims are applicable to all or part of Cotner's presentence report.

VACATED AND REMANDED.