**Don DURNS, Plaintiff,**

v.

**BUREAU OF PRISONS, et al., Defendants.**

**Civ. A. No. 84–1327.**

United States District Court, District of Columbia.

March 29, 1985.

---

Don Durns, pro se.

Asst. U.S. Atty. Patricia D. Carter, Washington, D.C., for defendants.

## MEMORANDUM OPINION
## AND ORDER

STANLEY S. HARRIS, District Judge.

 This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1982), to obtain a copy of the plaintiff's presentence report (PSR).[1] The pro se plaintiff, Don Durns, is an inmate of the Federal Correctional Institution in Leavenworth, Kansas. The defendants, the Bureau of Prisons and officials thereof, filed a motion for summary judgment on the ground that a specific statute governing disclosure of the PSR requires the application of FOIA exemption (b)(3) to this request. Therefore, they contend, the PSR properly was withheld.[2] The Court concludes that the PSR is not completely exempt from disclosure under exemption (b)(3). The plaintiff is entitled to a copy of his PSR unless the Government can show that specific portions of the PSR otherwise are subject to an exemption.

 Judge Pratt of this court noted, in *Lininger v. United States Department of Justice*, CA No. 84–1129 (D.D.C. Oct. 30, 1984) (Memorandum Opinion), that the "status of presentence reports under FOIA has generated a significant amount of case law, particularly in this circuit." *Id.* at 1. The FOIA grants access to documents and records of the federal agencies. In *Carson v. United States Department of Justice*, 631 F.2d 1008 (D.C.Cir.1980), the Court of Appeals for this circuit held that a PSR in

---

1. On December 28, 1984, the plaintiff submitted a supplemental pleading seeking to amend his complaint to obtain copies of AO Form 235 (Recommendation of the Sentencing Judge) and USA Form 792 (Recommendation of the United States Attorney). Those requests are denied because the plaintiff has not shown that he has exhausted his administrative remedies prior to seeking judicial review. *See* 5 U.S.C. § 552(a)(6)(C); *see also Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir.1979).

2. The plaintiff filed a pleading on July 12, 1984, variously entitled "Petitioner's Motion to Dismiss the Respondents Attorneys Motion for Summary Judgment," "Motion to Dismiss," "Memorandum in Support to Dismiss Respondents Motion," and "Petitioner's Motion for Summary Judgment." The Government has treated this as a motion for summary judgment, notwithstanding the pleading's noncompliance with Rule 1–9(i) of the Rules of this Court. The Court does also.

the possession of the United States Parole Commission is an "agency record" for the purpose of the FOIA. *Id.* at 1009.[3] That decision was reaffirmed in *Lykins v. United States Department of Justice,* 725 F.2d 1455 (D.C.Cir.1984). Under the FOIA, disclosure of agency records is the rule and government information must be disclosed unless it falls within one of the nine exemptions of the Act. *See Lykins,* 725 F.2d at 1466; *Metropolitan Life Insurance Co. v. Usery,* 426 F.Supp. 150, 156 (D.D.C.1976). Upon remand to the district court, *Lykins* ultimately was decided on the basis of a procedural problem and the applicability of the exemptions was never determined (although the case had been remanded for such a determination). *Lykins,* No. 82–241 (D.D.C. Sept. 28, 1984) (Memorandum). *Lininger* was, therefore, the first decision in this jurisdiction to address the FOIA exemptions in holding that exemption (b)(3) cannot be read to prevent complete disclosure of a PSR, particularly when, as was true there, the prisoner had been permitted to read his entire PSR prior to sentencing.

The PSR unquestionably is prepared for the specific objective of aiding a trial judge in the difficult task of sentencing. Thereafter, the same document is used by the affected agencies in making significant determinations relating to the custody and parole of the prisoner. Thus, its accuracy is of considerable importance. *See* Fed.R. Crim.P. 32(c)(3). It also includes information that, if released to the prisoner, could result in considerable harm. For example, the PSR may reveal the identity of informers or endanger the life of law enforcement personnel. It also may include diagnostic opinions that, if disclosed, might disrupt a

rehabilitative program. Rule 32 of the Federal Rules of Criminal Procedure addresses these concerns. While the sentencing court is required to permit the defendant and his counsel to read the PSR at a reasonable time before imposing sentence, protections against negative consequences have been adopted. The ultimate sentencing recommendations are excluded, and the Court is given discretion to withhold (1) diagnostic opinions which, in its opinion, might seriously disrupt a rehabilitative program, (2) any sources of information obtained upon a promise of confidentiality, or (3) any other information which might result in harm, physical or otherwise, to the defendant or others.

■ The Government argues that Rule 32 supplies the statutory basis for nondisclosure under FOIA's exemption (b)(3). Exemption (b)(3) excludes from disclosure agency records that are specifically exempted from disclosure by statute, provided that such statute:

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

\* \* \* \* \* \*

5 U.S.C. § 552(b)(3). The Government asserts that Rule 32 falls within subsection (b)(3)(A) because, from the language of the statute, "it is absolutely clear" that the decision to permit an individual to retain a copy of his PSR rests solely with the sentencing judge, and, thus, an agency which receives a copy of the PSR has no discretion on the issue.[4]

**3.** A split has developed among the circuits regarding the characterization of PSRs as agency records or as court documents. *See Cotner v. United States Parole Comm'n,* 747 F.2d 1016 (5th Cir.1984) (vacating district court judgment that presentence report was a court document); *Berry v. United States Dep't of Justice,* 733 F.2d 1343 (9th Cir.1984) (presentence reports are agency records when they are in the possession of the Bureau of Prisons). *But see Lindsey v. United States Bureau of Prisons,* 736 F.2d 1462 (11th Cir.1984) (presentence report remained a court document after its transmittal to Bureau of Pris-

ons); *Crooker v. United States Parole Comm'n,* 730 F.2d 1 (1st Cir.1984) (presentence reports are not agency records subject to disclosure under FOIA); *United States v. Charmer Industries, Inc.,* 711 F.2d 1164 (2d Cir.1983) (presentence report is a court document). Obviously, this court is bound by our circuit's rulings.

**4.** The Government unquestionably is correct in taking the position that the sentencing judge could provide a copy of the PSR on request by a prisoner, if the judge in his discretion concluded that such an action would not have negative

**1216**

The Court declines to accept this construction. First, on its face, Rule 32 provides the sentencing judge with great discretion, unlike the provisions of subsection (b)(3)(A). Furthermore, the notes accompanying Rule 32 state that Rule 32 does not speak to the issue of access to the PSR at the institution, explicitly noting that "thus the Bureau of Prisons and the Parole Commission are free to make provision for disclosure to inmates and their counsel." Notes of Advisory Committee on Rules, Fed.R.Crim.P. 32. Rule 32 may not be read to apply to the defendants so as to justify their withholding of the PSR under exemption (b)(3)(A).

■ In the alternative, the Government argues that even if Rule 32 does not comply with subsection (b)(3)(A), it does comply with subsection (b)(3)(B).[5] That is, it establishes particular criteria for withholding or refers to particular types of matters to be withheld. However, for the same reason Rule 32 does not apply to the agencies under subsection (b)(3)(A), it also does not apply under subsection (b)(3)(B) because the Bureau of Prisons does not fall within the purview of Rule 32.

■ In a supplemental memorandum in support of defendants' motion for summary judgment, the Government asserts that the Parole Commission and Reorganization Act, 18 U.S.C. § 4208 (1982), serves as the basis for complete nondisclosure when read in conjunction with Rule 32. The Court does not accept this reasoning, but does conclude that § 4208 provides for nondisclosure of specific parts of a PSR.[6]

Section 4208(b) provides that at least 30 days prior to any parole determination, the prisoner shall be provided with reasonable access to a report or other document to be used by the Parole Commission in making its determination. 18 U.S.C. § 4208(b)(2). However, the statute parallels the language of Rule 32 by exempting from disclosure diagnostic opinions which, if disclosed, would seriously disrupt an institutional program, information which, if disclosed, would reveal a confidential source, or any information which, if disclosed, might result in harm to the defendant or others. If any document (or any portion thereof) is deemed by the Parole Commission, the Bureau of Prisons, or any other agency to fall within these exclusions, it is the duty of the Commission, the Bureau, or any other agency to summarize the basic contents of the material withheld, bearing in mind the need for confidentiality or the impact on the inmate, or both, and to furnish such a summary to the inmate. 18 U.S.C. § 4208(c).[7]

Section 4208(c) establishes particular criteria for withholding certain types of information as is required for exemption from disclosure under 5 U.S.C. § 552(b)(3)(B). It is based on a congressional determination of the public's interest in maintaining the confidentiality of specific portions of a PSR. Thus, it brings PSRs within exemption (b)(3) to the extent that potentially harmful parts of the presentence report may be withheld from disclosure under the FOIA.

In conclusion, then, the presentence report, as an agency record, is subject to disclosure under the FOIA except as to the potentially harmful elements described in 18 U.S.C. § 4208(c). The Government is free to address the specific elements of a PSR which, in its view, should not be disclosed. It is noted, however, that in this

---

consequences within the contemplation of Rule 32(c)(3)(A). *See* Rule 32(c)(3)(E). Considerable litigation in this area could be avoided if a prisoner who wishes a copy of his PSR were to request it initially from his sentencing judge. No suit under the FOIA would have to be filed unless such a request were denied.

**5.** *See American Jewish Congress v. Kreps,* 574 F.2d 624, 628 (D.C.Cir.1978) (exemption (3)'s two subsections are independently sufficient).

**6.** *Accord Berry v. Dep't of Justice,* 733 F.2d 1343, 1354 (9th Cir.1984); *Lininger v. United States Dep't of Justice,* No. 1129 (D.D.C. Oct. 30, 1984) (Memorandum Opinion).

**7.** That § 4208(a) directly addresses the Parole Commission and the Bureau of Prisons supports the Court's view that Rule 32 was not meant to control those agencies' disclosure activities.

case the Government indicated in its motion for summary judgment that the plaintiff had the opportunity to review his PSR with no deletions pursuant to Rule 32 prior to sentencing. At this point, it thus would be difficult to find that any of the portions previously revealed to the plaintiff must now be withheld.

In accordance with the foregoing, it hereby is

ORDERED, that the defendants' motion for summary judgment is denied. It hereby further is

ORDERED, that what the Court accepts as the plaintiff's motion for summary judgment (notwithstanding its technical infirmities) is granted. A copy of the plaintiff's PSR shall be provided to him, and the case is dismissed.[8]

SO ORDERED.

---

**8.** The PSR at issue is not before the Court. The disposition of this case is without prejudice to the Government's right, within ten days, to ask the Court for authority to delete anything in the PSR which might be protected from disclosure under 18 U.S.C. § 4208(c)(1)–(3).