Robert H. FENDLER,
Plaintiff-Appellant,

v.

UNITED STATES PAROLE
COMMISSION, et al.,
Defendants-Appellees.

Nos. 84–2239, 84–2497.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 23, 1985.[*]

Decided Oct. 22, 1985.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 3(f).

Robert H. Fendler, Pleasanton, Cal., for plaintiff-appellant.

Joseph P. Russoniello, U.S. Atty., John F. Penrose, Asst. U.S. Atty., San Francisco, Cal., Richard Willard, Acting Asst. Atty. Gen., Leonard Schaitman, Sandra W. Simon, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before SNEED and BEEZER, Circuit Judges, and TAKASUGI,** District Judge.

BEEZER, Circuit Judge:

Robert H. Fendler brought this action against the United States Parole Commission and the nine individual members of the Commission. Under a variety of legal theories, Fendler sought to obtain various documents from the Commission and to correct alleged inaccuracies in the Commission's files. The district court rejected Fendler's claims. We affirm in part and reverse in part.

I

*Background*

Robert Fendler is presently serving a ten-year prison term that was imposed following his convictions on charges of mail fraud, transportation of stolen goods, and racketeering. Fendler's convictions arose out of his activities relating to two financial institutions in Arizona. Litigation regarding Fendler's activities has come before us on two previous occasions. *Fendler v. Goldsmith,* 728 F.2d 1181 (9th Cir.1983) (petition for a writ of habeas corpus following state court convictions); *Davis v. Fendler,* 650 F.2d 1154 (9th Cir.1981) (appeal from default judgment in favor of investors). Fendler is now seeking parole. The Commission set a presumptive parole date for July 26, 1986. Fendler claims that the Commission's decision was influenced by false information in the Commission's files.

Initially, Fendler sought a copy of his presentence report under the Freedom of Information Act. Although the report was prepared for use in the district court that sentenced Fendler, the Commission's files contained a copy. On September 23, 1983, the district court ruled in favor of Fendler and ordered the Commission to deliver a copy of the report to Fendler. After reconsideration, the district court modified that order on November 10, 1983. Under the modified order, Fendler could review the report, but could not retain a copy. The district court stated that this modification was based on a review of "the Local Criminal Rules of Court for the Central District of California, the venue where plaintiff was sentenced." On January 30, 1984, the district court authorized Fendler to take verbatim notes from the report. Concluding that Fendler had obtained all the relief to which he was entitled, the district court granted summary judgment for the Commission on July 6, 1984.

In a separate action, Fendler sought to correct the allegedly inaccurate information in his file under nine different theories. The district court dismissed eight of Fendler's claims on September 18, 1984, and granted summary judgment for the Commission on the ninth on October 24, 1984. Fendler appeals from the dismissal of seven of the nine claims.

II

*The Presentence Report*

Under the Freedom of Information Act, federal agencies are required to make their records available on request. 5 U.S.C. § 552(a)(3). In *Berry v. Department of Justice,* 733 F.2d 1343, 1346–54 (9th Cir.1984), we held that presentence reports are "agency records" when they are in the possession of government agencies. Accordingly, the district court correctly concluded that the presentence report was subject to FOIA.

** The Honorable Robert M. Takasugi, District Judge, United States District Court for the Central District of California, sitting by designation.

■ The district court concluded, however, that Fendler was entitled only to view the report and to take verbatim notes. Fendler argues that he is entitled to a copy. We agree. As we observed in *Berry*, "FOIA speaks in terms of disclosure and nondisclosure. It does not recognize degrees of disclosure, such as permitting viewing, but not copying, of documents." 733 F.2d at 1355 n. 19. The district court based its ruling on a local rule that limits a criminal defendant's right to a copy of the presentence report. A similar limitation is contained in Fed.R.Crim.P. 32(c)(3)(E). Those rules are irrelevant in a FOIA action. As we noted in *Berry*, "the Federal Rules of Criminal Procedure speak to the courts, [while] FOIA speaks to the agencies. Rule 21 limits disclosure by the Courts; FOIA may require disclosure by the agencies." 733 F.2d at 1355 n. 19 (citations omitted).

■ The Commission argues, however, that FOIA exemption (3) bars disclosure of the presentence report. 5 U.S.C. § 552(b)(3). In *Berry*, we recognized that exemption (3) applied to presentence reports. 733 F.2d at 1354 & n. 17. The district court did not make express findings regarding exemption (3). We remand for consideration of the Commission's arguments regarding exemption (3) in light of our decision in *Berry*.

■ The Commission also argues that we should remand to allow consideration of FOIA exemption (5), 5 U.S.C. § 552(b)(5). We disagree. The Commission did not raise exemption (5) before the district court. As a general rule, the government may not raise new FOIA exemptions on appeal. *See Ryan v. Department of Justice*, 617 F.2d 781, 792 (D.C.Cir.1980). The decision to allow the consideration of new FOIA exemptions on remand is discretionary. *See Schanen ex rel. Tillet v. United States Department of Justice*, 762 F.2d 805, 807–08 (9th Cir.1985); *Carson v. United States Department of Justice*, 631 F.2d 1008, 1015 n. 29 (D.C.Cir.1980). The District of Columbia Circuit offered the following analysis:

From a practical standpoint, there are at least three situations in which an agency might be led to invoke an exemption on appeal for the first time. First, an agency might invoke an exemption for the first time on appeal in order to gain a tactical advantage over the requestor. Clearly, it is not consistent with the broad remedial purpose of the FOIA to permit such agency maneuvering. Second, an agency might be forced to invoke an exemption for the first time on appeal because of a substantial change in the factual context of the case or because of an interim development in applicable legal doctrine. Third, the agency might have an "afterthought" following district court proceedings. Normally, if an agency gives thorough and proper consideration to the disclosability of documents when it should, that is, when it receives the request in the first instance, then it should be able to cite all possibly relevant exemptions well before the appellate stage. However, we recognize that there could be circumstances where, through pure mistake, the Government attorneys had not invoked the correct exemption in the district court. If the value of the material which otherwise would be subject to disclosure were obviously high, *e.g.*, confidential information compromising the nation's foreign relations or national security, and it appeared highly likely was intended to be protected by one of the nine enumerated exemptions, then under 28 U.S.C. § 2016, the appellate court would have discretion to "remand the cause and ... require such further proceedings to be had as may be just under the circumstances." Such discretion might likewise be exercised in the second example above-cited.

*Jordan v. United States Department of Justice*, 591 F.2d 753, 780 (D.C.Cir.1978) (en banc). The present case presents the third situation described in *Jordan*. Under the facts of this case, we conclude that it would be inappropriate to allow the Commission to raise exemption (5) on remand.

The Commission argues, however, that we should follow the Fifth Circuit's decision in *Cotner v. United States Parole Commission*, 747 F.2d 1016 (5th Cir.1984).

In *Cotner,* the Fifth Circuit allowed the Commission to raise additional FOIA exemptions on remand in light of the Solicitor General's decision to abandon the government's position that presentence reports are exempt from FOIA as "court records." *Id.* at 1018–19. *But see Crooker v. United States Parole Commission,* 760 F.2d 1, 2 (1st Cir.1985). *Cotner* is distinguishable from the present case because the district court in *Cotner* had held that FOIA did not apply to presentence reports. Under those circumstances, the Commission had no reason to raise the exemptions and the plaintiff was not significantly prejudiced by the delay in raising the exemptions. *See Berry,* 733 F.2d at 1352 n. 13; *Carson,* 631 F.2d at 1015 n. 29. In the present case, on the other hand, the Commission lost before the district court. In addition to the "court records" argument, the Commission raised exemption (3) and several other defenses. Under these circumstances, we can see no justification for the Commission's failure to raise exemption (5). Accordingly, we decline to allow the Commission to raise that exemption on remand.

### III

#### Correction of Inaccuracies

#### A. The Privacy Act

■ Under the Privacy Act, an individual may "request amendment of an agency record pertaining to him." 5 U.S.C. § 552a(d)(2). If the agency refuses to amend the record, the individual may bring a civil action against the agency. *Id.* § 552a(g)(1). The Privacy Act exempts "reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision." *Id.* § 552a(j)(2)(C). The Commission has promulgated rules implementing that exemption. 28 C.F.R. § 16.85(b)(3), (9) (1984). Accordingly, the district court properly dismissed Fendler's Privacy Act claims.

#### B. Expungement

■ Fendler also seeks to have the allegedly false statements in the Commis-

sion's file expunged. Federal courts have the equitable power "to order the expungement of Government records where *necessary* to vindicate rights secured by the Constitution or by statute." *Chastain v. Kelley,* 510 F.2d 1232, 1235 (D.C.Cir.1975) (emphasis added); *see Reuber v. United States,* 750 F.2d 1039, 1068 (D.C.Cir.1984) (Bork, J., concurring) ("The district court must ... find that there is a real and immediate threat of irreparable harm before it can allow expungement...."). In this case, expungement is not necessary to vindicate Fendler's rights. Initially, it is apparent that Fendler can challenge the allegedly inaccurate statements through Commission procedures. *See United States v. Stevenson,* 573 F.2d 1105, 1108 (9th Cir.1978) (refusing to expunge portions of a presentence report because the defendant would have an opportunity to challenge those portions in his parole proceeding). In addition, Fendler can challenge the parole determination by petitioning for a writ of habeas corpus. Accordingly, Fendler is not entitled to expungement.

#### C. Equitable Relief

■ Fendler also seeks to enjoin the Commission from considering the allegedly false statements in his file. In essence, Fendler is attempting to shorten the duration of his confinement by preventing consideration of those statements. As a result, Fendler's exclusive remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 1835–36, 36 L.Ed.2d 439 (1973); *Tedder v. United States Board of Parole,* 527 F.2d 593, 594 n. 1 (9th Cir. 1975). Because Fendler failed to exhaust his administrative remedies before bringing the present action, the district court properly dismissed this claim. *See Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983).

### IV

#### Bivens *Claims*

■ Fendler claims that the individual Commission members violated his constitutional rights by withholding various documents from him. *See Bivens v. Six Un-*

*known Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We have held, however, that parole board members are entitled to absolute quasijudicial immunity from suit for actions taken when processing parole applications. *See Anderson v. Boyd,* 714 F.2d 906, 908–09 (9th Cir.1983) (suit under section 1983). But even if we concluded that the individual Commission members are not entitled to absolute immunity, it is apparent that the members are entitled to qualified immunity because Fendler has not alleged a violation of a clearly established constitutional right. *See Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 2817–20, 86 L.Ed.2d 411 (1985); *Davis v. Scherer,* —— U.S. ——, 104 S.Ct. 3012, 3018–19, 82 L.Ed.2d 139 (1984). Accordingly, the district court properly dismissed Fendler's *Bivens* claims.

### V

### *Conclusion*

In No. 84–2239, we reverse the district court's order denying Fendler a copy of his presentence report and remand for further proceedings in accordance with this opinion. In No. 84–2497, we affirm the dismissal of Fendler's claim.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.