Michael DONOVAN, William Ford, James Kazel and Judy Keogh, Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, Defendant.

No. 82 Civ. 4766 (RWS).

United States District Court, S.D. New York.

April 17, 1986.

---

proach by Plaintiffs for proving ownership of the copyrights.

* Lewis signed the complaint naming all parties as plaintiffs and he has signed all motions and other documents as well.

Paul, Weiss, Rifkind, Wharton & Garrison, The Lawyers Committee for Intern. Human Rights, New York City, for plaintiffs; Robert S. Smith, Eric M. Freedman, Michael Posner, Diane Orentlicher, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Gerald T. Ford, Asst. U.S. Atty., of counsel.

## OPINION

SWEET, District Judge.

The Federal Bureau of Investigation ("FBI") has brought this motion to reargue certain aspects of the court's opinion of January 6, 1986 which directed the FBI to disclose portions of eight documents in connection with a Freedom of Information Act ("FOIA") suit brought by Michael Donovan, William Ford, James Kazel, and Judy Keogh (the "Plaintiffs"). The FOIA request concerns government documents relating to an investigation into the murder of four American churchwomen in El Salvador in 1980.

The FBI seeks to reargue the court's decision with regard to five of the documents for which disclosure was ordered. In support of its motion, the FBI has proffered an additional exemption for one document and has requested leave to file *in camera* affidavits in support of other claimed exemptions which were denied in the earlier opinion. Of course, as Local Rule 3(j) requires, a party moving for reargument must set forth "matters or controlling decisions" which were overlooked, not additional matters which might influence the court. *See Herbert v. Lando*, 603 F.Supp. 983 (S.D.N.Y.1985), *aff'd*, 781 F.2d 298 (2d Cir.1986); *New York Guardian Mortgagee Corp. v. Cleveland*, 473 F.Supp. 409, 420 (S.D.N.Y.1979).

While the post hoc classification of documents, *Miller v. Department of State*, 779 F.2d 1378, 1388 (8th Cir.1985), and the belated assertion of new exemptions, *Lame v. Department of Justice*, 767 F.2d 66, 71 n. 7 (3rd Cir.1985), have been permitted under certain circumstances, in each case, the classifying agency has set forth the additional grounds for refusing disclosure before a final determination on the merits has been rendered by the district court. *Cf. Jordan v. Department of Justice*, 591 F.2d 753, 780 (D.C.Cir.1978). In this case, the FBI argued in response to the plaintiff's motion for a more detailed *Vaughn* affidavit that its earlier submission adequately set forth the basis for each of its claimed exemptions. Therefore, having successfully closed the record, the FBI will not now be granted the opportunity selectively to reopen it on this motion to reargue. A brief review of the disclosures ordered by the previous opinion demonstrates that there was no overlooked basis which would require a different conclusion, except as to an inconsistent treatment of one document.

A portion of Document 41 was ordered disclosed notwithstanding the FBI's claim to exemption 7(D). This exemption applies to the identity of and information from a confidential source in connection with a law enforcement proceeding. The determination of whether a person is a confidential source is a question of fact. *See Keeney v. Federal Bureau of Investigation*, 630 F.2d 114, 119–20 (2d Cir.1980) ("Whether or not the information whose disclosure is requested under FOIA was furnished ... on the express or implied understanding that it was to be kept confidential, however, is a question of fact to be determined with each request."). As determined by the court on the basis of a "functional" analysis of the document, *see Diamond v. Federal Bureau of Investigation*, 707 F.2d 75, 78 (2d Cir.1983), the foreign official did not make this statement in order to provide confidential information but rather as an expression of opinion regarding widely known facts. Neither the official nor the information can fairly be characterized as a confidential source or confidential information within the context of an exemption designed to prevent the loss of sources vital to the agency's criminal investigatory functions. Similarly, the court determined that Documents 222 and 227 were not properly

withheld on the basis of the confidential source exemption. An examination of the documents and the information provided by the sources does not indicate that the individuals confided private matters, *see Keeney, supra,* 630 F.2d at 117, or that the individuals were concerned about detrimental consequences should the information be disclosed. *See Lamont v. Department of Justice,* 475 F.Supp. 761, 770 (S.D.N.Y. 1979).

Finally, the exemption claimed for Documents 84 and 85 was based on their containing classified information pursuant to section 1.3(a)(9) of Executive Order 12356. The Executive Order provides a presumption of classification for information which would tend to identify a foreign confidential source. Since the information disclosed was substantive information which did not reveal the identity of the source, the court determined that it did not lie within the claimed exemption. The FBI did not provide a more specific basis on which the court could conclude that such substantive information would reveal the identity of the source and thus it did not establish the logical basis for classifying the material.

Finally, the FBI correctly notes on this motion that the court treated inconsistently similar material in Documents 84, 85, and 86. Since the same substantive information is set forth in Document 86 as was ordered disclosed in Document 84, the following disclosure is also appropriate. The FBI is directed to disclose, in accordance with the disclosure ordered in the January 6 opinion, the second redacted paragraph of Document 86 which begins at the bottom of page one and continues to the top of page two, except that the first five words of the first sentence and the last sentence of that paragraph need not be redacted since they tend to identify the source.

For the foregoing reasons, the FBI's motion for reargument is denied and the disclosure order of January 6, 1986 is modified as provided above.

IT IS SO ORDERED.