Michael RAY, Esq., etc., et al., Plaintiffs,

v.

UNITED STATES DEPT. OF JUSTICE, et al., Defendants.

No. 86–2430–CIV.

United States District Court, S.D. Florida.

March 3, 1989.

On Motion to Compel Release of Unredacted Documents April 13, 1989.

Carole A. Jeandheur, Washington, D.C., and Dexter A. Lee, Miami, Fla., for defendants.

## MEMORANDUM ORDER ON PENDING MOTIONS

DYER, Senior Circuit Judge, sitting by designation.

THIS CAUSE was heard by the Court on various pending motions filed by the parties, and the Court hereby enters this Order pursuant to its rulings in open court on March 1, 1989.

### I

This case is brought pursuant to the Freedom of Information Act, 5 U.S.C. sec. 552 (FOIA), under which plaintiffs seek from the Immigration and Naturalization Service (INS), the Executive Office for Immigration Review (EOIR) and the United States Department of State (State Dept.) disclosure of (1) an alleged list of 600 Haitians who had been returned to Haiti and not mistreated after their arrival; and (2) investigative trip reports made by INS investigators who have visited Haiti.

Several searches conducted by each agency yielded responses that no records were found which fit the FOIA request made by plaintiffs. Subsequently, the State Dept. located and turned over to the plaintiffs twenty-five (25) responsive documents. Of these, seventeen documents were redacted to exclude the names of the Haitian individuals contained therein. The State Dept. claimed that release of the excised information could result in an invasion of privacy and, accordingly, asserted an exemption under the Freedom of Information Act ("FOIA"), 5 USC sec 552(b)(6).[1] At all times, however, each agency has maintained that there exists no list of 600 Haitians returned to Haiti.

### II

There are two issues confronting the Court. The first issue concerns disclosure

Michael D. Ray and Neil D. Kolner, Miami, Fla., for plaintiffs.

---

1. 5 U.S.C. sec. 552(b)(6) provides an exemption from disclosure for matters that are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

requirements when an agency's asserts that its search uncovers no documents which satisfy an FOIA request. The second issue focuses on disclosure requirements when an agency claims that information excised from the released documents is exempt under the invasion of privacy exemption of sec. 552(b)(6).

### A. Documents Claimed Not to Exist

The underlying principle in FOIA cases is that the requestor must show that an agency improperly withheld records. *Kissinger v. Reporter's Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). With respect to records that are claimed not to exist, affidavits are permissible and "possibly the best method of verification." *Stephenson v. IRS*, 629 F.2d 1140, 1145 (5th Cir.1980). An affidavit satisfies the "good faith" requirements of adequacy and completeness when it specifically documents the scope and methods undertaken for search and sets out the basis for the withholding of information. *See Friedman v. F.B.I.*, 605 F.Supp. 306, 316 (N.D.Ga.1981). Once the agency demonstrates that its search was reasonable, the burden shifts to the requestor to rebut that evidence. *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1383 (8th Cir.1985).

■ In this instance, the INS has responded that it did not conduct investigatory trips to Haiti nor have, in its possession, investigative reports. It has also maintained, by its answer, that the list of six hundred Haitians does not exists. The record indicates that there was a proper and adequate search, as demonstrated by the affidavits of the FOIA personnel. The record fails to disclose that any documents have been improperly withheld of that they, indeed, exist. On the record, that principle has not been rebutted by the plaintiffs. In addition, the record indicates there have been no requests directed to EOIR, and, therefore, there is no issue before the Court in connection with that party.

### B. Documents Edited & Released by the State Department

■ Where a FOIA request triggers a claim of exemption under the Act, the burden is on the government agency to demonstrate the basis for nondisclosure. Thus, contrary to the agency's assertion, a justiciable issue remains to be decided, and that is the propriety of the State Dept.'s claim of exemption under sec. 552(b)(6), because "the District Court must do something more to assure itself of the factual basis and bona fides of the agency's claim of exemption than rely solely upon an affidavit." *Stephenson v. IRS*, 629 F.2d 1140 (5th Cir.1980).

■ There is a presumption, under the FOIA, that documents held by a government agency are subject to disclosure. *Currie v. IRS*, 704 F.2d 523, 530 (11th Cir.1983). An agency cannot withhold material based on conclusory allegations of possible harm; it must show by specific, detailed proof that disclosure would defeat, rather than further, the purposes of the FOIA. *See Mead Data Central, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). In determining whether the disclosure constitutes a clearly unwarranted invasion of personal privacy,[2] the Court must "employ a balancing test, weighing an individual's right to privacy against the public right to disclosure of government information." *Cochran v. United States*, 770 F.2d 949, 955 (11th Cir. 1985).

The degree of the invasion of privacy considers the potential harm to the individual from disclosure of the information. The critical aspect is that an invasion be actual rather than just theoretical; it must be more than a mere possibility. *Dept. of Air Force v. Rose*, 425 U.S. 352, 380 n. 19, 96 S.Ct. 1592, 1608 n. 19, 48 L.Ed.2d 11 (1976). Moreover, an agency's promise of confidentiality to the submitter of information was found insufficient to defend against disclosure. *Robles v. E.P.A.*, 484 F.2d 843, 846 (4th Cir.1973).

**2.** Under sec. 552(b)(6), the requested files must be "personnel", "medical", or "similar files". Because plaintiffs did not challenge this classification, the Court assumes that the names of returned Haitians are sufficiently personal in nature to satisfy the "similar file" requirement.

■ As to the public interest involved in this case, this country's immigration policy supports a finding that the public has a legitimate interest in the safe relocation of returned Haitians.

Any invasion of privacy from the mere act of disclosure of names and addresses would be de minimis and little more than speculation. The promise of confidentiality by the State Dept. is only one factor to be considered and, in this case, is not determinative of the outcome. Thus, weighing the public interest against the private interest, the balance tilts in favor of disclosure of the names because any intrusion into the privacy of the Haitian nationals would be minimal.

### III

For these reasons, it is hereby

ORDERED AND ADJUDGED that summary judgment is GRANTED in favor of INS and EOIR with respect to the FOIA information requests explained or shown to be non-existent. It is

FURTHER ORDERED AND ADJUDGED that the State Department is required, within fifteen days from this Court's ruling in open court, to supply the redacted information contained in the seventeen documents. Final judgment as to the State Department is withheld until this time period has expired and a showing has been made to the Court that the names have been furnished to the plaintiffs, and, if they have not, then the Court will take further appropriate action forthwith.[3]

DONE AND ORDERED.

### ON MOTION TO COMPEL RELEASE OF UNREDACTED DOCUMENTS

THIS CAUSE having come before the Court, and the Court having heard argument of counsel on April 12, 1989, and considered the same, it is hereby

ORDERED AND ADJUDGED that plaintiffs' motion for *pro hac vice* appear-ance of Neil D. Kolner, Esq. is GRANTED and it is

■ FURTHER ORDERED AND ADJUDGED that defendants' motion to alter or amend is DENIED. After weighing the public interest in disclosure against the claim of exemption pursuant to 5 U.S.C. 552(b)(6), this Court Ordered the STATE DEPARTMENT on March 2, 1989 to produce to plaintiffs, no later than March 16, 1989 as originally requested in plaintiff's June 15, 1985 Freedom of Information Act Request, unredacted copies of all documents in defendant's possession which satisfy plaintiff's request. Defendants did not comply but instead raised new arguments which the Court finds are wholly unfounded. Rather than exhibit due diligence the government has been neglectful in this matter by failing to raise these exemptions at the outset of this litigation. Consequently, the government has waived entitlement to those claims by invoking these belated exemptions after this Court's order requiring disclosure of the redacted information. *See, e.g., Senate of the Commonwealth of Puerto Rico v. Dept. of Justice,* 823 F.2d 574, 580 (D.C.Cir.1987); *Ryan v. Dept. of Justice,* 617 F.2d 781, 782 (D.C.Cir.1980); *Jordan v. Dept. of Justice,* 591 F.2d 753 (D.C.Cir.1978) (en banc); *Cotner v. U.S. Parole Comm.,* 747 F.2d 1016, 1018 (5th Cir.1984); *Fendler v. Parole Comm.,* 774 F.2d 975, 978 (9th Cir.1985); *American Broadcasting Co. v. U.S.I.A.,* 599 F.Supp. 765, 768 (D.D.C.1984); *Donovan v. F.B.I.,* 633 F.Supp. 35 (S.D.N.Y. 1986). The government has failed to point to any set of facts that would make this an "exceptional" case such that the waiver doctrine should not apply. *See Jordan* 591 F.2d at 780. Indeed, by its own admission at oral argument, the government agreed its motion contains nothing more than "new material." Thus, in its prior Order this Court did not overlook any basis in the record which would require a different conclusion. The government has only attempt-

---

**3.** The remaining pending motions in this case are DENIED without prejudice. Plaintiffs' request for this Court to enjoin INS deportation proceedings is also DENIED. This Court has no authority to enjoin those proceedings under the FOIA or the Administrative Procedure Act, Title 5 U.S.C. sec. 704–706.

ed to "play cat and mouse by withholding its most powerful canon until after the district court has decided the case and then springing it on surprised opponents and the judge." *Senate of the Commonwealth,* 823 F.2d at 580, *quoting Grumman Aircraft Engineering Corp. v. Renegotiation Board,* 482 F.2d 710, 722 (D.C.Cir.1973). For this reason, it is therefore

FURTHER ORDERED AND ADJUDGED that the STATE DEPARTMENT shall release the unredacted documents to plaintiffs no later than ten (10) days from this Court's oral ruling on April 12, 1989.

DONE AND ORDERED.