892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfredo J. MONTEON, Plaintiff-Appellant,
v.
R. DANIELS, Lt., Robert Glenn Borg, G.W. Steeves, G.C.
Jackson, R.J. Subia, A.L. Bell, R. Briggs,
Defendants-Appellees.
 No. 88-15335.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 25, 1989.*
Decided Dec. 14, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monteon's amended complaint sought declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to have his good time/work time credits restored and to have a prison rule violation expunged from his record.
 
 
 3
 The appropriate and sole remedy for the restoration of a prisoner's good time credits is a writ of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), with its attendant requirement of exhaustion of state remedies. Id. at 477. A federal district court must dismiss a federal habeas petition that contains a claim for which state remedies have not been exhausted. Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The district court properly construed Monteon's claim for the restoration of his good time credits as an application for a writ of habeas corpus, and properly dismissed this claim for failure to exhaust state court remedies.
 
 
 4
 The equitable power "to order the expungement of Government records where necessary to vindicate rights secured by the Constitution or by statute," Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir.1985) (quoting Chastain v. Kelley, 510 F.2d 1232, 1235 (D.C.Cir.1975) (emphasis added), is vested in the federal courts. Since Monteon can challenge the propriety of his prison rule violation in a petition for a writ of habeas corpus, see Fendler, 774 F.2d at 979, expungement is not necessary, in this action, to vindicate his rights.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3