943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Jay GREGORY, Plaintiff-Appellant,
v.
Daniel R. LOPEZ, Acting Commissioner, et al., Defendants-Appellees.
 No. 90-16618.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 9, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Jay Gregory, a federal prisoner, appeals pro se the district court's sua sponte dismissal of his civil rights action. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we affirm.
 
 
 3
 Gregory filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Narcotics Agents, 403 U.S. 388 (1971). Gregory's complaint alleged that officials of the United States Parole Commission violated his constitutional rights by relying on false information to determine his eligibility for parole. The complaint sought only monetary damages. The district court dismissed the in forma pauperis complaint before service of process because Gregory had not exhausted administrative remedies before bringing his Bivens action.
 
 
 4
 "[O]rdinarily, a federal prisoner seeking both damages and injunctive relief cannot bring a Bivens action until he or she has first exhausted any available administrative remedies." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991). Nevertheless, exhaustion of administrative remedies is not required if it would be futile. Id.; see also Lyons v. United States Marshals, 840 F.2d 202, 204 (3d Cir.1988) ("if a federal prisoner seeks only money damages under Bivens for violation of his constitutional rights, exhaustion is not required"). Because Gregory's complaint sought only monetary damages, a remedy that administrative grievance procedures could not provide, exhaustion of administrative remedies would have been futile. See Terrell, 935 F.2d at 1019; Lyons, 840 F.2d at 204. The district court's dismissal of Gregory's action for failure to exhaust therefore was improper.
 
 
 5
 Nevertheless, this court can affirm a district court decision on any ground supported by the record. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). A frivolous in forma pauperis complaint may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Id. Parole officials are entitled to absolute immunity from damages, based on their quasi-judicial status, for actions taken when they grant, deny, or revoke parole. Fendler v. United States Parole Comm'n, 774 F.2d 975, 980 (9th Cir.1985); Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir.1983). Accordingly, we affirm the district court's sua sponte dismissal of Gregory's complaint because his claim for damages lacks an arguable basis in law.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3