999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale H. MALQUIST, Plaintiff-Appellant,
v.
Victor M. REYES; et al., Defendants-Appellees.
 No. 91-16638.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale H. Malquist, a former federal prisoner, appeals pro se the district court's order dismissing his action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Malquist filed his action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging the defendants unlawfully held him in prison 46 days past his proper parole date. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Bermudez v. Duenas, 936 F.2d 1064, 1065 (9th Cir.1991) (per curiam), and affirm.
 
 
 3
 The allegations of the complaint show that in August of 1985, Malquist was convicted of willful failure to file tax returns and was incarcerated at a federal penitentiary in Lompoc, California. On May 15, 1986, Malquist appeared at a parole hearing before the United States Parole Commission ("Commission") where it was determined his parole date should be December 26, 1986. On June 2, 1986, however, the Commission notified Malquist that his parole date had been extended to June 26, 1987 because he had failed to obey a court order regarding contact with jurors following his trial. On appeal, the National Appeals Board upheld the Commission's decision to extend Malquist's parole date.
 
 
 4
 On June 26, 1986, Malquist filed a petition for writ of habeas corpus in the district court for the Central District of California. On December 3, 1986, the magistrate judge found the Commission abused its discretion by extending Malquist's parole date and recommended that Malquist's original parole date be reinstated. On January 14, 1987, the district court adopted the magistrate's recommendation. The court entered judgment on January 21, 1987. Defendants received the judgment on January 26, 1987. Malquist was released on February 7, 1987.
 
 
 5
 On August 29, 1989, Malquist initiated this action, naming the Commission as defendant and seeking damages for the 46 extra days he spent in prison. On May 14, 1990, pursuant to the magistrate judge's order, Malquist filed an amended complaint, naming as defendants various officers of the Commission. Specifically, Malquist named Acting Western Regional Parole Commissioner Victor Reyes, Acting Administrative Hearing Examiner DePriest Bernard, National Appeals Board Examiners Daniel R. Hoper and Jasper R. Clay, Assistant Regional Administrator Ira Blalock, and Case Analyst Dennis Barrick. The district court dismissed Malquist's action, holding that defendants were entitled to absolute immunity from liability for their decision to extend his parole date.
 
 
 6
 Malquist contends the district court erred because the Commission was found to have abused its discretion by extending his parole date. This contention lacks merit.
 
 
 7
 Parole officials are entitled to absolute quasi-judicial immunity from liability for damages for actions taken in granting, denying, or revoking parole. Fendler v. United States Parole Comm'n, 774 F.2d 975, 980 (9th Cir.1985); Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981). While Malquist is correct that the Commission's decision to extend his parole date was held to be an abuse of discretion, the Commission's decision is an action taken in granting, denying, or revoking parole. See Fendler, 774 F.2d at 980; Sellars, 641 F.2d at 1302-03. We therefore agree with the district court that defendants are entitled to absolute immunity.
 
 
 8
 Malquist also contends the district court erred by stating that his action was brought under 42 U.S.C. § 1983 instead of Bivens. This mistake does not warrant reversal of the district court's judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3