21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank J. MATYLINSKY, Plaintiff-Appellant,
v.
George SUMNER, et al., Defendants-Appellees.
 No. 93-17278.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Matylinsky, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. The district court determined that Matylinsky's constitutional rights were not violated when he was placed in administrative segregation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and affirm.
 
 
 3
 Matylinsky was placed in administrative segregation on April 1, 1989, following a prison stabbing. Matylinsky was implicated in the incident by a confidential informant. On April 4, 1989, Matylinsky received a hearing, at which the prison classification committee determined that Matylinsky should remain in administrative segregation pending the outcome of an investigation. On April 18, 1989, during a cell search, officials found a white powdery substance in a small paper package tucked inside Matylinsky's letters. On April 21, 1989, Matylinsky had a second hearing, at which the committee determined that he was not involved in the stabbing incident, and authorized his release to the general population. Matylinsky was released from administrative segregation on April 24, 1989. The white powder subsequently tested negative for narcotics.
 
 
 4
 Matylinsky contends that his constitutional rights were violated when he was placed in administrative segregation. He also argues that he is entitled to have all references to the white powder expunged from his prison record. These contentions have no merit.
 
 Administrative Segregation
 
 5
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. If the nonmoving party does not respond by setting forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. Fed.R.Civ.P. 56(e).
 
 
 6
 A prisoner has no constitutional right to a particular security classification. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). However, state statutes may create a liberty interest in proper classification that is protected by the due process clause. Hewitt, 459 U.S. at 472; Hernandez, 833 F.2d at 1318.
 
 
 7
 Nevada law creates such a liberty interest "for inmates to remain free from arbitrary placement into disciplinary segregation." Walker v. Sumner, Nos. 92-15666, 92-15737, slip op. 909, 917 (9th Cir. Jan. 28, 1994). However, Matylinsky has not alleged that he was denied any of the procedural requirements guaranteed by the Due Process Clause. See id. at 918-19 (listing required procedural protections). Accordingly, Matylinsky has not alleged facts sufficient to establish a due process violation. See id.
 
 
 8
 Matylinsky also contends that his placement in administrative segregation pending an investigation into the stabbing constituted cruel and unusual punishment. However, an allegation of misclassification alone does not establish a violation of the Eighth Amendment. See Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir.1982). Matylinsky has not alleged that he was subjected to the unnecessary and wanton infliction of pain, see Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir.1993), nor that he was deprived of adequate food, clothing, shelter, sanitation, medical care, or personal safety while in administrative segregation, see Hoptowit, 682 F.2d at 1258. Accordingly, he has not shown that he was subjected to cruel and unusual punishment.
 
 
 9
 Furthermore, we have held that "it is not unreasonable for prison administrators to confine inmates to greater security regions on the basis of a rumor pending an investigation into the accuracy of the rumor," provided that a hearing is held promptly following the investigation. See Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). Here, Matylinsky received a hearing following the outcome of the investigation, and was promptly released from administrative segregation. Because Matylinsky has presented no evidence sufficient to establish a violation of his constitutional rights, the district court properly granted the defendants' motion for summary judgment. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.[1]
 
 False Records
 
 10
 Matylinsky contends that all references in his prison file to the white powder must be expunged, because the powder was found not to contain narcotics. This contention has no merit.
 
 
 11
 This Court has not determined whether a prisoner has a due process right to an accurate prison record. See Hernandez, 833 F.2d at 1316. However, state law may provide such a liberty interest. See id. Assuming without deciding that Arizona law creates a liberty interest in accurate prison records, we find that Matylinsky has not established a violation of his constitutional rights.
 
 
 12
 Matylinsky contends that he is entitled to have all references to the white powder expunged from his file. However, the defendants have submitted an affidavit explaining why such information should remain in his record. See Affidavit of Donald Helling at 3-4. Furthermore, Matylinsky has not shown that the information in his file regarding the discovery of the white powder is false, only that it is incomplete. See Nev. Dept. of Prisons Admin. Reg. 568 (inmate is entitled to challenge information that is inaccurate).
 
 
 13
 Matylinsky contends that his records should clearly state that the substance was found not to be a narcotic. However, there are administrative procedures available to challenge this omission. See Affidavit of Donald Helling at 2. Matylinsky has not shown that he utilized these procedures to correct his file; he alleges only that these procedures "will never be followed correctly by prison administrators, just from what they have said."[2] Because Matylinsky has not complied with the procedural prerequisites of the regulation, he cannot show the deprivation of any liberty interest. See Hernandez, 833 F.2d at 1319.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Matylinsky contends that the district court should have allowed him to conduct further discovery before ruling on the defendants' summary judgment motion. However, we find that the district court did not abuse its discretion in denying the discovery motion. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981), cert. denied, 455 U.S. 942 (1982) (discovery motion properly denied if district court is convinced that plaintiff will be unable to state a claim for relief). Similarly, the district court did not abuse its discretion by entering protective orders in favor of the defendants, see Fed.R.Civ.P. 26(c), or by denying Matylinsky's motion to strike the defendants' affidavits
 
 
 [2]
 Matylinsky alleges that he has attempted to have his file corrected by writing to George Sumner, the Director of the Nevada Department of Prisons. However, this letter requested that all material related to both the stabbing incident and the white powder be removed from his file. Because Matylinsky is clearly not entitled to such expungement, this letter does not constitute an attempt to utilize available administrative procedures
 
 
 [3]
 We note that, if Matylinsky follows the prescribed procedures to have his file corrected and is unsuccessful, and if he can show that the inaccurate information was relied on to deny him probation or good time credits, he may file a petition for a writ of habeas corpus. See Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir.1985). The defendants have disproven Matylinsky's allegation that this information was used to change his custody status or deny him a transfer to another institution