24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William M. SMITH, Plaintiff-Appellant,
v.
Manfred F. MAASS; et al., Defendants-Appellees.
 No. 93-35828.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William M. Smith, an Oregon state prisoner, appeals pro se the district court's grant of summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 action. Smith alleged violations of his constitutional rights resulting from defective disciplinary hearings and his placement in segregation. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and affirm.
 
 
 3
 Smith contends that the district court erred by granting summary judgment in favor of the defendants. We disagree. The findings and recommendation prepared by the magistrate judge and adopted by the district court correctly analyzed and disposed of Smith's claims.
 
 
 4
 Smith also contends that the district court erroneously granted his motion for a voluntary dismissal of defendant Marychris Robertson-Hande. We conclude Smith lacks standing to raise this issue.
 
 
 5
 On February 8, 1993, Smith filed a motion pursuant to Fed.R.Civ.P. 41(a)(2) for voluntary dismissal of Robertson-Hande and two other defendants. After the magistrate judge issued his findings and recommendation, which recommended granting the motion to dismiss, Smith filed motions to strike the original Rule 41(a)(2) motion and substitute a new Rule 41(a)(2) motion that did not name defendant Robertson-Hande. The magistrate judge stayed resolution of these motions pending a ruling by the district judge on Smith's objections to the magistrate judge's findings and recommendations.
 
 
 6
 On July 6, 1993, the district court adopted the magistrate judge's findings and recommendation in their entirety. Because the magistrate judge had recommended that defendant Robertson-Hande be dismissed, the district court's order implicitly denied Smith's motion to strike the original Rule 41(a)(2) motion. Nonetheless, because the dismissal of defendant Robertson-Hande was made without prejudice, see Fed.R.Civ.P. 41(a)(2), there is no adverse judgment against Smith and he lacks standing to contest the voluntary dismissal, see Bell v. City of Kellogg, 922 F.2d 1418, 1422 (9th Cir.1991).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Smith contends that inaccurate information in his prison files was relied on to deny him parole or good time credits, we note that this claim must be raised in a petition for a writ of habeas corpus. See Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir.1985)