Michael **DONOVAN**, William Ford, James Kazel, and Judy Keogh, Plaintiffs-Appellants, Cross-Appellees,

v.

**FEDERAL BUREAU OF INVESTIGATION**, Defendant-Appellee, Cross-Appellant.

Nos. 1494, 1575, Dockets 86–6052, 86–6058.

United States Court of Appeals, Second Circuit.

Argued Aug. 11, 1986.

Decided Nov. 24, 1986.

Eric M. Freedman, New York City (Robert S. Smith, Jennifer B. Cohen), Paul, Weiss, Rivkind, Wharton & Garrison, Michael C. Posner, New York City (Diane Orentlicher), The Lawyers Committee for International Human Rights, for plaintiff-appellants, cross-appellees.

Steven E. Obus, New York City, Asst. U.S. Atty. for the S.D. of N.Y. (Rudolf W. Giuliani, U.S. Atty., for the S.D. of N.Y., Gerald T. Ford, Asst. U.S. Atty. for the S.D. of New York), for defendant-appellee, cross-appellant.

Before PRATT and MINER, Circuit Judges, and RE, Chief Judge, United States Court of International Trade, sitting by designation pursuant to 28 U.S.C. § 293(a) (1982).

RE, Chief Judge:

Plaintiffs-appellants appeal from a judgment of the United States District Court for the Southern District of New York, which denied their motion for summary judgment under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and, after an *in camera* review, withheld disclosure of 15 of 23 documents. Defendant-appellee, the Federal Bureau of Investigation, has cross-appealed as to 6 of the documents or parts of documents which were ordered disclosed.

Two questions are presented on this appeal: first, whether the District Court abused its discretion by having reviewed the documents *in camera*, and, second, whether the District Court properly ordered the disclosure of all or portions of documents 41, 84, 85, 86, 222, and 227.

This Court affirms the judgment of the District Court insofar as it pertains to plaintiffs' appeal, and grants the defendant judgment on the cross-appeal, modified so as to exempt from disclosure, pursuant to Exemption 7D of the FOIA, the contested portions of documents 222, 227, and 41.

## Procedural History

On July 20, 1982, plaintiffs, the families of four American churchwomen who were murdered in El Salvador, commenced this action to compel disclosure of all government documents pertaining to the FBI's investigation of the murders. The FBI responded by asserting that Exemption 7A of the FOIA, 5 U.S.C. § 552(b)(7)(A), exempted from disclosure the entire 10–volume, 2912–page file.

On August 12, 1983, the District Court granted plaintiffs' motion for partial summary judgment, and ordered disclosure of most of the documents. *See Donovan v. FBI,* 579 F.Supp. 1111 (S.D.N.Y.1983). Upon the government's motion for reconsideration, however, the District Court, after an *in camera* review, held that Exemption 7A protected all but 162 of the requested documents. As to the documents held to be exempt from disclosure, the court held that the FBI would be required to provide a so-called *Vaughn* affidavit or index to explain its contention that the documents were exempt from disclosure. *See Donovan v. FBI,* 579 F.Supp. at 1125. Both parties appealed, and, while the appeals were pending, the government of El Salvador tried and convicted five members of its National Guard for the murders of the churchwomen. Hence, the FBI notified this Court that it would withdraw its Exemption 7A claim, and that it would reprocess the documents. On August 4, 1984, this Court dismissed the appeals as moot, and remanded the case to the District Court. *See Donovan v. FBI,* 751 F.2d 368 (2d Cir.1984).

Upon remand, the FBI released most of the file, but asserted various exemptions for some of the documents. On February 8, 1984, plaintiffs requested a *Vaughn* index for 34 documents that were withheld in their entirety, 72 documents withheld in part, 58 State Department documents withheld in part, and an additional 37 documents if they were relevant to the murders. Accordingly, the government provided a 70–page affidavit prepared by FBI agent Martell (the Martell affidavit), together with additional declarations from the particular agencies involved. On July 31, 1985, the plaintiffs moved for an order to direct the government to provide another, more detailed, *Vaughn* affidavit. This motion was limited to 23 documents. The government opposed this motion, and contended that, since the Martell affidavit satisfied its burden under the FOIA, summary judgment should be granted in its favor.

On these cross-motions, the District Court held that the affidavit failed to satisfy the agency's responsibility under the FOIA. *Donovan v. FBI,* 625 F.Supp. 808, 812 (S.D.N.Y.1986). Instead of ordering the government to provide another affidavit, the court itself undertook to review the documents *in camera*. After the *in camera* review, the court upheld the withholding of 15 of the documents, and ordered disclosure of the remaining eight documents.

On January 17, 1986 the government moved to reargue the District Court's order as to six documents, referred to as documents 41, 84, 85, 86, 222, and 227. The District Court denied the motion, and ordered the release or disclosure of additional portions of document 86. *See Donovan v. FBI,* 633 F.Supp. 35 (S.D.N.Y.1986). Thereafter, the government appealed the order directing disclosure of certain deletions in documents 41, 84, 85, 86, 222, and 227, and plaintiffs appealed the judgment exempting the 15 documents from disclosure.

## Discussion

In enacting the Freedom of Information Act, codified as part of the Administrative Procedure Act, Congress expressed the strong policy which favors the disclosure to the public of information in the possession

of federal agencies. *See, e.g., CIA v. Sims,* 471 U.S. 159, 105 S.Ct. 1881, 1886, 85 L.Ed.2d 173 (1985); *Chrysler Corp. v. Brown,* 441 U.S. 281, 285, 99 S.Ct. 1705, 1709, 60 L.Ed.2d 208 (1979); *Brown v. FBI,* 658 F.2d 71, 73, (2d Cir.1981). The legislation has been described as "an attempt to meet the demand for open government while preserving workable confidentiality in governmental decisionmaking." *Chrysler Corp. v. Brown,* 441 U.S. at 292, 99 S.Ct. at 1713.

■ The FOIA provides that any person has a right of access to federal agency records, unless the records are protected from disclosure by one of the Act's nine exemptions. An agency that seeks to withhold information must show that its refusal to disclose falls within one of the nine specific exemptions. 5 U.S.C. § 552(b)(2)–(9). Furthermore, the FOIA provides for de novo review of agency claims of exemptions, and the burden is upon the agency to justify nondisclosure. *Id.* § 552(a)(4)(B). It is also clear that the exemptions are to be interpreted so as to effectuate the congressional policy which favors disclosure. *See Ray v. Turner,* 587 F.2d 1187, 1200 (D.C.Cir.1977) (Wright, C.J., concurring); *Getman v. NLRB,* 450 F.2d 670, 673–74 (D.C.Cir.1971). While favoring disclosure, courts must nevertheless give effect to the specific exemptions set forth in the FOIA. *See 9 to 5 Organization for Women Office Workers v. Board of Governors,* 721 F.2d 1, 11 (1st Cir.1983).

Since, in the usual case, it is only the agency that knows the precise content of the requested documents, the party seeking disclosure can only speculate as to their contents. *See Brown v. FBI,* 658 F.2d at 73–74; *Vaughn v. Rosen,* 484 F.2d 820, 822 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). In order to compensate for this disadvantage, the "courts have required agencies to itemize and index the documents requested, segregate their disclosable and non-disclosable portions, and correlate each non-disclosable portion with the FOIA provision which exempts it from disclosure." *Brown*

*v. FBI,* 658 F.2d at 74; *See Vaughn v. Rosen,* 484 F.2d at 827.

In *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir.1973) from which the *Vaughn* index or affidavit derives its name, the plaintiff was denied access to certain reports which pertained to the personnel policies of several federal agencies. The plaintiff moved for disclosure of the documents pursuant to the FOIA, 5 U.S.C. § 552(a)(3)(1970), and the defendant moved to dismiss on the ground that the documents were exempt from disclosure. The defendant contended that the information sought was exempt from disclosure because it "(1) related solely to the internal rules and practices of an agency; (2) constituted inter-agency or intra-agency memoranda or letters ... and (3) was composed of personal and medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 484 F.2d at 822–23 (footnotes omitted). The trial court granted the defendant's motion to dismiss. On appeal, the Court of Appeals for the District of Columbia Circuit remanded the case, and held that the record was insufficient to permit a determination as to whether the documents were subject to disclosure under the FOIA.

The court of appeals explained the necessity for an agency to supply the courts with a detailed index which separates disclosable from exempt material, and which provides an explanation and cross-reference to specific exemptions. *Id.* at 824. The court explained that the index would serve to: "(1) assure that a party's right to information is not submerged beneath governmental obfuscation and mischaracterization, and (2) permit the court system effectively and efficiently to evaluate the factual nature of disputed information." *Id.* at 826.

■ Although the requirements for an index and explanation have been widely recognized as useful tools, it must be emphasized that these requirements "are not ends in themselves," but are merely methods or procedures that assist the trial court

in its do novo review. *Brown v. FBI*, 658 F.2d 71, 74 (2d Cir.1981).

In this case, plaintiffs maintain that they were entitled to receive a more detailed index of the requested documents, and that the District Court should not have reviewed the documents *in camera*. On this appeal, the Court must determine whether the District Court abused its discretion in having denied plaintiffs' motion for a second *Vaughn* affidavit, or in having conducted an *in camera* review of the 23 documents in question.

It is important to note that the FOIA specifically authorizes the *in camera* inspection of documents. *See* 5 U.S.C. § 552(a)(4)(B). In cases in which sufficiently detailed affidavits have been provided, however, an *in camera* inspection may be unnecessary. *See Brinton v. Department of State*, 636 F.2d 600, 606 (D.C.Cir.1980), *cert. denied*, 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981). Most often, an *in camera* inspection has been found to be appropriate when only a small number of documents are to be examined. *See, e.g., Allen v. CIA*, 636 F.2d 1287, 1291 (D.C.Cir. 1980) (overruled on other grounds in *Founding Church of Scientology v. Smith*, 721 F.2d 828 (D.C.Cir.1983)).

In the *Allen v. CIA* case, the Court of Appeals for the District of Columbia Circuit, after examining the legislative history of the 1974 amendments to the FOIA, concluded that the amendments "manifest[ed] an unmistakable congressional intent to bolster the authority of reviewing courts." *Id.* at 1297. To aid in the exercise of the "broad discretion granted to trial courts over whether to conduct *in camera* inspection," the *Allen* court identified factors which would support or would warrant an *in camera* inspection. The court stated that the following factors should be considered: (a) judicial economy, (b) the conclusory nature of the agency affidavits, (c) bad faith on the part of the agency, (d) disputes concerning the contents of the documents, (e) whether the agency requests an *in camera* inspection, and (f) the strong public interest in disclosure. 636 F.2d at 1298–99.

█ It is clear that Congress intended that the propriety or necessity of an *in camera* inspection is a matter to be left to the discretion of the district court. H.R. Rep. No. 1380, 93d Cong., 2d Sess. 8 (1974) (*in camera* examination is at the discretion of the court); *see also NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978); *Navasky v. CIA*, 499 F.Supp. 269, 272 (S.D. N.Y.1980). In the exercise of its discretion, after considering all relevant factors, the court may deem an *in camera* inspection to be appropriate. *Church of Scientology v. IRS*, 792 F.2d 146, 153 (D.C.Cir.1986); *Vaughn v. Rosen*, 484 F.2d at 823.

█ In this case, the District Court was thoroughly familiar with the litigation and the documents. Indeed, the trial judge noted that he had previously inspected the requested documents in connection with the FBI's 7A claim of exemption. In view of the length of the present litigation, and the applicable judicial precedents, this court holds that the District Court's decision to conduct an *in camera* inspection did not constitute an abuse of discretion. Therefore, the order of the District Court, exempting the 15 documents from disclosure, is affirmed.

In its cross-appeal, the FBI contends that the District Court committed error in ordering disclosure of all or portions of six documents, that is, 41, 84, 85, and 86, as well as the full text, minus biographical information, of documents 222 and 227. The FBI maintains that documents 41, 84, 85, and 86, are exempt from disclosure under Exemption 1 of the FOIA. 5 U.S.C. § 552(b)(1). Exemption 1 protects records that are:

(1)(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order....

*See* 5 U.S.C. § 552(b)(1).

At the request of the State Department, the FBI stated that the documents were

classified pursuant to Executive Order 12,-356, 47 Fed.Reg. 14,874 (1982), as documents which "concern a confidential source," and whose "unauthorized disclosure, either by itself or in the context of other information, reasonably could be expected to cause damage to the national security." Exec. Order No. 12,356, § 1.3(a)(9), (b). In support of this contention the government invokes the "well-settled" obligation of the courts to grant "substantial deference" to agency affidavits that implicate national security. *Doherty v. Department of Justice,* 775 F.2d 49, 52 (2d Cir.1985); *Diamond v. FBI,* 707 F.2d 75, 79 (2d Cir.1983), *cert. denied,* 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). Defendant contends that the trial court failed to accord due weight to the agency's characterization of the information. Defendant contends also that the District Court improperly refused to examine *in camera* a State Department explanation of the exemption. These contentions are without merit.

█ It is undisputed that a court confronted with an Exemption 1 claim should accord due weight to the agency's characterization of the information. It must be remembered, however, that the burden is with the agency to justify nondisclosure. The district court is empowered to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.... In such a case the court shall determine the matter de novo and may examine the contents of such agency records in camera...." 5 U.S.C. § 552(a)(4)(B).

In this case, the District Court concluded that the portions of documents 84, 85, and 86, which were ordered disclosed, provided no danger of revealing the identity of the confidential source, and, therefore, were not exempt. The District Court noted: "Only after a careful review by the agency and the disclosure through a *Vaughn* affidavit can the adversarial procedure properly proceed and judicial *de novo* review properly be conducted with deference toward the agency's expertise." 625 F.Supp.

at 811. The District Court was constrained to note that "the affidavit submitted by the FBI here seems motivated by the improper purposes which initially compelled the *Vaughn* court to require a more reasoned discussion of the withheld documents." *Id.* In addition, the District Court found that the government did not timely assert an Exemption 1 claim as to document 41.

█ The defendant's contentions are unpersuasive, and the conclusions of the District Court have not been shown to be incorrect or unfounded. In view of the District Court's familiarity and knowledge of the case, it would be inappropriate for this Court to give more deference to the FBI's characterization of the information than did the trial court. Therefore, the order of the District Court, which ordered disclosure of documents 84, 85, and 86, is affirmed.

Finally, the government contends that documents 222, 227, and one sentence from document 41, were properly classified under Exemptions 7C and 7D, which protects from disclosure

> investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence furnished only by the confidential source ....

5 U.S.C. § 552(b)(7)(C), (D) (1982).

The 1974 amendments to Exemption 7 of the FOIA were a congressional response to a broad judicial interpretation of the exemption. As originally enacted, Exemption 7 protected "investigatory *files* compiled for law enforcement purposes except to the extent available by law to a private party." Pub.L. No. 89–487, 80 Stat. 250, 251 (1967) (emphasis added). By the 1974 amendments to the FOIA, the word *"files"* was changed to *"records"*. Furthermore, the

scope of nondisclosure was narrowed to six categories of documents including, *inter alia*, information containing "the identity of a confidential source," and to "confidential information furnished only by the confidential source." 5 U.S.C. § 552(b)(7)(D); *see Keeney v. FBI*, 630 F.2d 114, 118 (2d Cir.1980).

In this case, the District Court rejected the FBI's exemption 7D claim because there was "nothing in the document[s] to establish any implied confidentiality for the source[ ]." On appeal, the FBI contends that "the district court violated controlling authority in this Circuit" by requiring the FBI to "prove that an implied assurance of confidentiality was given to this particular source."

This Circuit has recognized the "practical difficulty—if not impossibility—of justifying each use of the confidential source exemption by way of an affidavit on personal knowledge." *Diamond v. FBI*, 707 F.2d 75, 78 (2d Cir.1983), *cert. denied*, 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). Hence, the Court has adopted what has been termed a "functional" approach to ascertain the existence of implied confidentiality under Exemption 7D. *See, e.g., Williams v. FBI*, 730 F.2d 882, 885 (2d Cir.1984); *Diamond v. FBI*, 707 F.2d 75, 78 (2d Cir.1983), *cert. denied*, 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); *Keeney v. FBI*, 630 F.2d 114, 118 (2d Cir.1980).

■ Under the functional approach, an implicit promise of confidentiality may be found when "it is apparent that the agency's 'investigatory function depends for its existence upon information supplied by individuals who in many cases would suffer severe detriment if their identities were known.'" *Diamond v. FBI*, 707 F.2d at 78 (quoting *Lamont v. Department of Justice*, 475 F.Supp. 761, 779 (S.D.N.Y.1979)). Surely, the FBI's investigatory function is encompassed in this description. In this case, it cannot be doubted that the FBI's investigation would have been severely curtailed, and, perhaps, rendered ineffective if its confidential sources feared disclosure. Under the circumstances, therefore, the District Court erred in its order to disclose the information contained in documents 41, 222, and 227. Since the requested information is exempt from disclosure under Exemption 7D, it is unnecessary to address the FBI's contention as to Exemption 7C.

*Conclusion*

It is the holding of the Court that the District Court properly exercised its discretion to conduct an *in camera* review of the documents, hence, the Court affirms the judgment insofar as it pertains to plaintiff's appeal. Since the defendant has not demonstrated error, the order of the District Court, which ordered disclosure of documents 84, 85, and 86, is also affirmed.

In view of the precedents in favor of implied confidentiality in FBI investigations, the Court holds that the District Court erred in disclosing the information provided by confidential sources. Accordingly, that portion of the judgment of the District Court is reversed, and, pursuant to 5 U.S.C. § 552(b)(7)(D), the contested portions of documents 222, 227, and 41, are exempt from disclosure.

Affirmed in part and reversed in part.