Herman Benjamin
FERGUSON, Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION,
Defendant.

No. 89 Civ. 5071 (RPP).

United States District Court,
S.D. New York.

Jan. 31, 1990.

---

Center for Constitutional Rights by Joan P. Gibbs, Stephanie Y. Moore, New York City, Colin Moore, Brooklyn, N.Y., for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Gabriel W. Gorenstein, Asst. U.S. Atty., of counsel), for defendant.

ROBERT P. PATTERSON, Jr., District Judge.

On October 24, 1989, in *Ferguson v. FBI*, 722 F.Supp. 1137, 1145 (S.D.N.Y.1989), the Court ordered that:

(1) the Defendant's motion to extend the time required to respond to Plaintiff's requests under the Freedom of Information Act [(FOIA)] is GRANTED IN PART AND DENIED IN PART;

(2) the Plaintiff's motion for a preliminary injunction is GRANTED IN PART AND DENIED IN PART;

(3) the Defendant, within 85 days of the receipt of this order, is to complete processing all documents from the 1963–1970 portion of Plaintiff's April 1989 request for documents relating to himself; first, the Defendant shall process the January 1965–October 1968 portion of these documents; after Defendant has prepared and served upon Plaintiff the January 1965–October 1968 portion of the April 1989 request, Defendant is to commence processing the documents from the periods January 1963–December 1965 and November 1968–December 1970.

(4) the Defendant, within 32 days of the completion of its response to the 1963–1970 portion of the April 1989 request, is to prepare and serve upon Plaintiff a *Vaughn* index of the 1963–1970 portion of the documents produced pursuant to the 1980 request.

(5) the Defendant is to work diligently and in good faith to respond to the 1971–1989 portion of the April 1989 request for documents and to prepare a *Vaughn* index for the 1971–1980 portion of the documents produced pursuant to the 1980 request for documents.

(6) the parties are to inform the Court after Defendant responds to Plain-

tiffs April 1989 FOIA request, what action, if any, is sought with respect to Defendant's preparation of a *Vaughn* index with respect to the response to the April 1989 request.

Defendant on January 18, 1990 timely provided plaintiff with the 1963–1970 portion of the April 1989 request. Plaintiff has provided the Court with a copy of those records produced. Among these are documents containing redactions and certain documents are blacked out in their entirety. On January 25, 1990, plaintiff presented the Court with an order to show cause, requesting a hearing on why an order should not be issued:

(1) sanctioning defendant for "its deliberate disobedience of this Court's Opinion and Order of October 24, 1989 *and* for arbitrarily and capriciously withholding documents responsive to plaintiff's FOIA requests";

(2) requiring defendant to reprocess of the 1963–1970 portion of the April 1989 request;

(3) requiring defendant to produce a *Vaughn* index in 120 days for the 1963–1970 portion of the April 1989 request;

(4) requiring defendant to produce for *in camera* inspection all documents responsive to the 1989 request which were compiled from 1963 through July 1967.

Both parties appeared before the Court for oral argument and defendant has submitted a memorandum in response to plaintiff's papers and plaintiff has submitted a reply memorandum.

■ The intentions of Congress govern the Court's response to plaintiff's allegations that portions of those documents processed in the last three months were improperly redacted. Congress provided for a procedure to challenge "agency records improperly withheld" under FOIA in 5 U.S.C. § 552(a)(4)(B). FOIA provides that this Court:

> has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records

improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and *may* examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the [FOIA] exemptions....

5 U.S.C. § 552(a)(4)(B) (emphasis added). These provisions do not contemplate that the Court determine, at this stage in the proceedings, that defendant should either suffer sanctions or reprocess the documents. The Court must first conduct a de novo review of the redactions and has options available to it in pursuing this task.

■ Plaintiff requests that the Court order an expedited *Vaughn* index and simultaneously conduct *in camera* review. Defendant responds that the Court should refrain from engaging in *in camera* review, await the production of the *Vaughn* index for the 1980 request before ordering a *Vaughn* index, and then only require a generalized *Vaughn* index.

The Second Circuit has held, *"In camera review is the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion."* *Local 2, I.B.E.W., AFL–CIO v. N.L.R.B.,* 845 F.2d 1177, 1180 (2d Cir.1988) (citations omitted). Inspection of files *in camera* is a burdensome demand on a federal trial court, *Id.* (citing *Mead Data Cent., Inc. v. United States Dep't of the Air Force,* 566 F.2d 242, 250 n. 10 (D.C.Cir.1977)), and consequently is most often appropriate "when only a small number of documents are to be examined." *Donovan v. FBI,* 806 F.2d 55, 59 (2d Cir.1986). Since a "sufficiently detailed" *Vaughn* affidavit can make *in camera* review unnecessary, *Id.* (citing *Brinton v. Department of State,* 636 F.2d 600, 606 (D.C.Cir.1980), cert. denied, 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981)), the Court declines to engage in an *in camera* inspection at this time and orders the production of a so called *Vaughn* affidavit or index.

■ The Court in its Opinion and Order of October 24, 1989, explained what constitutes a *Vaughn* index and its purpose:

Preparation of a *Vaughn* index 're-quire[s] agencies to itemize and index the documents requested, segregate their disclosable and non-disclosable portions, and correlate each non-disclosable portion with the FOIA provision which exempts it from disclosure.' *Brown v. FBI*, 658 F.2d [71] at 74. [2nd Cir.1981]. The courts created the concept of a *Vaughn* index as a tool to 'assist the trial court in its de novo review' of agency refusals to disclose materials or portions of materials. *Donovan v. FBI*, 806 F.2d [55] at 58–59. *See Vaughn*, 484 F.2d [820] at 826 (index 'permit[s] the court system effectively and efficiently to evaluate the factual nature of disputed information').

722 F.Supp. at 1144.

There is no merit to defendant's contentions that plaintiff's request for an index is premature and that a detailed *Vaughn* index is unnecessary. In the Opinion and Order of October 24, 1989, the Court held that a court order to produce a *Vaughn* index for the April 1989 request would be premature because "[d]ecisions by the defendant to refuse to disclose portions of the material requested have not even been made yet." 722 F.Supp. at 1145 (citing *Knight Publishing Co. v. United States*, 608 F.Supp. 747, 749 (W.D.N.C.1984)). That Opinion and Order then added that if the FBI denies plaintiff access to portions of the 1989 request then a *Vaughn* index would be required. The defendant has made the decision to refuse to disclose certain documents and plaintiff has objected to defendant's decision; hence, the Court's ordering the production of a *Vaughn* index at this time is appropriate.

The Court disagrees with defendant's second contention that a detailed *Vaughn* index is not necessary. The plaintiff has made serious allegations concerning the propriety of defendant's decisions not to disclose certain documents and has produced versions of the same documents which the FBI has made available to others which contain fewer redactions. Justification of a decision to withhold a portion of a document requested pursuant to FOIA is no simple matter. The challenge of de novo review is especially difficult when the redactions are as extensive as they are in this case. Approximately 400 pages are entirely withheld and the majority of the writing on the other pages is blacked out. To aid the court in this mammoth task of de novo review, defendant must produce a fully detailed *Vaughn* index, as described in the section of the Opinion and Order of October 24, 1989 quoted above. *See* 722 F.Supp. at 1144.

The final issue is the scheduling of the *Vaughn* index. The Opinion and Order of October 24, 1989, explained why expedited commencement of the process of compiling a *Vaughn* index is imperative in this case. 722 F.Supp. at 1144–45 ("FOIA requires the de novo review process to be expedited and plaintiff has demonstrated a particularly urgent need for such review of defendant's non-disclosure"). Defendant has submitted affidavits that it would take 60 days to prepare a *Vaughn* index for 984 pages of documents. 722 F.Supp. at 1139. At issue here are 1,411 pages, for which it should proportionately take defendant 86 days to produce a *Vaughn* affidavit.

IT IS, THEREFORE ORDERED that: Defendant produce a detailed *Vaughn* index of the 1963–1970 portion of the April 1989 request within 86 days of the receipt of this order. Plaintiff's requests for contempt sanctions and reprocessing are denied at this time.

SO ORDERED.