Herman Benjamin
**FERGUSON, Plaintiff,**

v.

**FEDERAL BUREAU OF
INVESTIGATION,
Defendant.**

**No. 89 Civ. 5071 (RPP).**

United States District Court,
S.D. New York.

Dec. 18, 1990.

Center for Constitutional Rights, New York City by Joan P. Gibbs, for plaintiff.

Otto G. Obermaier, U.S. Atty., for the Southern District of New York, New York City by Steven I. Froot, Asst. U.S. Atty., for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Herman Ferguson ("Ferguson") moves to compel defendant Federal Bureau of Investigation ("FBI") to reprocess his 1980 and 1989 requests for documents or, in the alternative, to prepare a second, more detailed index of material it claims is exempt from disclosure, under the Freedom of Information Act ("FOIA"). 5

U.S.C. § 552 *et seq.* Defendant moves for partial summary judgment pursuant to Fed.R.Civ.P. 56 and plaintiff cross moves pursuant to Fed.R.Civ.P. 56(f) for an order continuing or denying defendant's motion for summary judgment and directing discovery.

The Court reserves decision on defendant's motion for partial summary judgment and on plaintiff's motions for discovery and to compel reprocessing of the document requests, pending *in camera* review of a limited number of relevant documents.

## BACKGROUND

Plaintiff Ferguson was closely involved in black nationalist politics in New York in the 1960's. In 1968, he was convicted in New York of conspiracy to murder two other black leaders: Whitney M. Young, Jr. of the National Urban League ("Urban League") and Roy Wilkins of National Association for the Advancement of Colored People ("NAACP"). Ferguson was freed on bond pending the outcome of appeals. After hearing that his last appeal had been denied, Ferguson fled the country and eventually settled in Guyana, where he lived for the next 18 years. While a fugitive, Ferguson made an FOIA request in August 1980 for documents located at FBI headquarters which related to him; some documents were delivered in redacted form to plaintiff's attorney in January 1984. In 1989, Ferguson returned to New York and was promptly arrested. He made another FOIA request in April 1989, seeking documents from the files at FBI headquarters and from the files of the New York and Philadelphia field offices of the FBI. This action seeking expedited review of the files in view of the criminal proceeding against Ferguson was commenced on July 26, 1989. In June, 1990, Ferguson pled guilty to jumping bail and was sentenced to one year in prison on that charge, which he is now serving concurrently with his original sen-tence of three-and-one-half to seven years on the conspiracy to murder charge.

Ferguson claims that he was framed in the 1968 prosecution and that the FBI has in its possession either exculpatory material or material which would lead to exculpatory evidence. He alleges that during the 1968 trial and the subsequent appeals he was wrongfully deprived of the statements of witnesses against him, exculpatory evidence, and the names of informants against him.

By an Opinion and Order dated October 24, 1989, this Court held that the FBI should treat plaintiff's 1989 request for documents (insofar as it requested documents for the period 1963–70) ahead of other FOIA requesters and ordered the FBI to produce the documents responsive to this request within 35 days or by January 19, 1990. *Ferguson v. FBI*, 722 F.Supp. 1137 (S.D.N.Y.1989). It also required the FBI to produce a *Vaughn* index with respect to the 1980 request within 32 days thereafter, or by February 20, 1990.[1] *Ferguson v. FBI*, 729 F.Supp. 1009 (S.D.N.Y.1990). By January 19, 1990, the FBI produced redacted documents responsive to the 1989 request as ordered. Plaintiff objected to the extent of the redactions and, in an Opinion and Order dated January 31, 1990, this Court ordered, *inter alia,* that the FBI produce a detailed *Vaughn* index of the 1963–1970 portion of Ferguson's FOIA request by April 27, 1990. By February 20, 1990, the FBI produced declarations as *Vaughn* indexes for Ferguson's 1980 and 1989 requests, except for the post–1970 documents' responsive to the 1989 request. Superneau Aff., February 16, 1990; Davis Aff., February 16, 1990. Since then, the FBI has provided additional affidavits by Regina Superneau, Katherine Stricker and Joseph Smith, in explanation of redactions or FBI search methods.

Defendant then moved for partial summary judgment with respect to the 1980 FOIA request and the 1989 FOIA request

---

1. A *Vaughn* index or affidavit is a "detailed index which separates disclosable from exempt material, and which provides an explanation and cross-reference to specific exemptions." *Donovan v. F.B.I.*, 806 F.2d 55 (2nd Cir.1986). *See, Vaughn v. Rosen,* 484 F.2d 820, 824, 826 (D.C.Cir.1973).

(through 1970) on the ground that it has properly searched for and produced all the documents to which the plaintiff is entitled under the FOIA, taking into account the statutory exemptions from disclosure, in properly redacted form.

Ferguson opposes the motion, alleging bad faith and errors in the FBI's processing of his requests, and seeks reprocessing or a more detailed index indicating the nature of the information redacted and the justification for redacting it. Plaintiff also cross moves for a court order denying summary judgment and directing the FBI to submit to discovery, arguing that his ability to oppose summary judgment is hampered by his inability to get information from the FBI. Fed.R.Civ.P. 56(f).

Pursuant to the oral argument on October 10, 1990, Ferguson submitted a list of documents considered most relevant to his claims, on October 16, 1990.

## DISCUSSION

To grant a motion for summary judgment a court must find that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment because, after sufficient time for discovery, the non-movant has failed to make a sufficient showing of an essential element of its case as to which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See also, Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *Meiri v. Dacon*, 759 F.2d 989, 997 (2nd Cir.1985), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

■ Defendant asserts that its affidavits and indices sufficiently show that the FBI has fully complied with its duties under the FOIA. The FOIA embodies a strong policy in favor of disclosure to the public. *John Doe Agency v. John Doe Corporation*, ——

U.S. ——, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989), *reh'g denied*, —— U.S. ——, 110 S.Ct. 884, 107 L.Ed.2d 966 (1990); *Donovan v. FBI*, 806 F.2d 55, 57 (2nd Cir.1986). "[W]hen the Government declines to disclose a document the burden is upon the agency to prove *de novo* in trial court that the information sought fits under one of the exemptions to the FOIA." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir.1973), *cert. denied sub nom. Rosen v. Vaughn*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The FOIA is to be liberally construed in favor of disclosure and its exemptions are to be narrowly construed. *Julian v. United States Dept. of Justice*, 806 F.2d 1411 (9th Cir.1986), *aff'd sub nom. United States Dept. of Justice v. Julian*, 486 U.S. 1, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988).

■ The FOIA specifically provides that "the district court ... may examine the contents of such agency records in camera to determine whether such records" are exempt from disclosure. 5 U.S.C. § 552(a)(4)(B) (1982). While it may be true that such review is exceptional, "the propriety of such review is a matter entrusted to the district court's discretion." *Local 3, I.B.E.W., AFL-CIO v. N.L.R.B.*, 845 F.2d 1177 (2d Cir.1988). A district court may consider several factors in deciding whether *in camera* review is warranted, *Donovan*, 806 F.2d at 59, including (a) judicial economy, (b) the conclusory nature of the agency affidavits, (c) bad faith on the part of the agency, (d) disputes concerning the contents of the documents, (e) whether the agency requests an *in camera* inspection, and (f) the strong public interest in disclosure. *Id. See also, Allen v. CIA*, 636 F.2d 1287, 1298–99 (D.C.Cir.1980).

■ Although plaintiff contests the sufficiency of the search and asks for discovery on the adequacy of the search, he offers no support for such a request. On the basis of evidence presently before the Court, the declarations of Smith, Davis, Stricker and Superneau, the Court finds that defendant has complied with its obligations under FOIA to make a search of its files. *Weisberg v. United States Dep't of*

*Justice,* 745 F.2d 1476 (D.C.Cir.1984), *reh'g denied,* 763 F.2d 1436 (D.C.Cir.1985); *Meeropol v. Meese,* 790 F.2d 942, 952–53, 956 (D.C.Cir.1986).

■ Plaintiff also contests the exemptions from disclosure as provided in 5 U.S.C. § 552(b). Plaintiff has attached ten documents previously disclosed in *Moore v. Levi,* 75–6203 (MJL) (S.D.N.Y.) and released with redactions to Ferguson. A comparison of the two sets of released documents shows such extensive redactions in defendant's FOIA production in this case, utilizing exemptions (b)(6) and (b)(7), that some of those documents are almost completely blacked out. In contrast, with minor exceptions defendant disclosed those documents almost in their entirety, including names of FBI personnel, in *Moore v. Levi.*

Plaintiff also claims that Section 552(b) exemptions have been used to withhold disclosable reports of public meetings and information about public figures who are now deceased. He asks for discovery with respect to defendant's reliance on exemptions (b)(1), (b)(2), (b)(3), (b)(6) and (b)(7).

Defendant points to the propriety of each of the exemptions and opposes such discovery. The scope of each relevant exemption is:

Exemption (b)(1): secrecy in national defense and foreign policy matters pursuant to executive order;

Exemption (b)(2): relating to internal personnel rules and practices of an agency;

Exemption (b)(3): statutory exemptions (e.g., information received through grand jury subpoenas);

Exemption (b)(6): personnel files and medical files involving personal privacy;

Exemption (b)(7): records compiled for law enforcement purposes; but only to the extent that such law enforcement records or information would result in enumerated types of harm.

Under exemption (b)(7), defendant relies solely on three types of harm: 1) information which under (b)(7)(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, e.g. information about FBI personnel; 2) information which under (b)(7)(D) could reasonably be expected to disclose the identity of a confidential source and 3) information which under (b)(7)(E) would disclose an investigative technique through portions of released records.

The tests relating to each of the exemptions give broad discretion to the defendant in the application of those exemptions. The Court is persuaded that discovery of defendant by plaintiff as to the adequacy of defendant's reliance on the exemptions would be an exercise in futility fraught with refusals to answer based on the breadth of the exemptions involved. It is true, however, that the affidavits submitted by defendant are conclusory in nature as to the basis for applying the exemptions, perhaps necessarily so in view of the enormous number of documents involved.

The Court recognizes, in addition, that twenty-two years have elapsed since the conviction of plaintiff for the crime for which he is currently in prison; that the FBI internal document cited by the Court in its Opinion of October 24, 1989 describes non-investigative techniques involving prominent black nationalist figures in the 1960's which are contrary to our constitutional heritage; that plaintiff was a prominent black nationalist figure in those years; and that among African–American citizens in particular, as well as others, there is a strong public interest in determining whether any such non-investigative techniques were utilized in connection with the prosecution of plaintiff.

Accordingly, in the interests of judicial economy and the strong public interest in disclosure, as well as the conclusory nature of the agency affidavits in applying the exemptions to thousands of documents, the Court will conduct an *in camera* review, not of the 3500 or more documents produced pursuant to the 1980 and 1989 FOIA requests of plaintiff, but of those documents contained in the October 16, 1990 submission of plaintiff. "[A] finding of bad faith or contrary evidence is not a prerequisite to an *in camera* review; a trial judge may order such an inspection

'on the basis of an uneasiness, a doubt he wants satisfied ...'", *Meeropol*, 790 F.2d at 958 (quoting *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C.Cir.1978).

Decisions on defendant's motion for partial summary judgment and plaintiff's motions for discovery and to compel reprocessing of the document request are hereby reserved pending the completion of the *in camera* review.

Defendant will produce for the Court's review *in camera* the documents identified in the October 16, 1990 submission on or before December 27, 1990.

IT IS SO ORDERED.