AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, Defendant.

No. 92 Civ. 1792 (PNL).

United States District Court,
S.D. New York.

Oct. 1, 1993.

Patterson, Belknap, Webb & Tyler, New York City (Gregory L. Diskant, of counsel), Marjorie Heins, Director, Arts Censorship Project, ACLUF, New York City, for plaintiff.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City (Robert Sadowski, Asst. U.S. Atty., of counsel), for defendant.

### *OPINION AND ORDER*

LEVAL, District Judge.

Plaintiff American Civil Liberties Union Foundation (ACLUF) moves for an order requiring the defendant, the United States Department of Justice (DOJ), to provide a more informative *"Vaughn* index," *see Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973), covering 188 documents demanded by plaintiff in this action for disclosure under the Freedom of Information Act, 5 U.S.C. § 552. The sole issue on the motion is the adequacy of the index that defendant has supplied. Plaintiff alleges that the *Vaughn* index already provided by DOJ is not sufficient to allow the court to determine whether, as claimed by DOJ, these documents meet the specific criteria set out in FOIA for exemption from disclosure.

## Background

In mid–1991, plaintiff filed a Freedom of Information Act request that defendant DOJ supply certain documents about its National Obscenity Enforcement Unit and Child Exploitation and Obscenity Section. After experiencing what it regarded as delays in obtaining the documents sought, and exhausting administrative appeals, plaintiff filed the complaint underlying this motion in March 1992. In May 1992, defendant answered the complaint, asserting that it held 229 documents responsive to plaintiff's request. Of these documents, defendant produced 41 in full, 95 redacted in part, and withheld 93. Defendant claimed that documents not disclosed in full were exempt from disclosure under various provisions of the Freedom of Information Act, 5 U.S.C. § 552(b).

The Freedom of Information Act, or FOIA, sets a policy favoring government disclosure of documents. *EPA v. Mink,* 410 U.S. 73, 79–80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973) (Act is "broadly conceived"); *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976) (Act's "basic policy" is disclosure); *N.L.R.B. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 220–21, 98 S.Ct. 2311, 2316–17, 57 L.Ed.2d 159 (1978). Documents are exempt from disclosure only if they come within one of the nine exemptions specified in the Act. 5 U.S.C. § 552(b); *Robbins Tire & Rubber,* 437 U.S. at 221, 98 S.Ct. at 2317.

When an agency withholds documents pursuant to a FOIA exemption, the petitioner is placed in the difficult position of having to argue for their disclosure without knowing what they contain. *Vaughn v. Rosen,* 484 F.2d 820, 823–24 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). A court has the option of examining contested documents in camera, 5 U.S.C. § 552(a)(4)(B). But the court may lack the information necessary to establish whether the documents are protected. Also, this can place a substantial burden on the court. *Vaughn,* 484 F.2d at 825–26.

■ The D.C. Circuit Court long ago responded to these difficulties by requiring that when agencies withhold documents under a FOIA exemption claim, they must provide detailed information including descriptions of all documents withheld in full or in part and identification of the FOIA exemptions claimed for each document. This detailed listing is known as a *Vaughn* index. Its purpose is to "(1) assure that a party's right to information is not submerged beneath governmental obfuscation and mischaracterization, and (2) permit court system effectively and efficiently to evaluate the factual nature of disputed information." *Id.* at 826. The Second Circuit has adopted the use of the *Vaughn* index to assist litigants and the court in evaluating FOIA exemptions. *E.g. Donovan v. F.B.I.,* 806 F.2d 55 (2d Cir. 1986); *Brown v. F.B.I.,* 658 F.2d 71 (2d Cir.1981). The FOIA statute places the burden on the government to justify withholding documents. 5 U.S.C. § 552(a)(4)(B).

■ DOJ agreed to supply a *Vaughn* index to all documents it withheld in full or in part, and did so. Plaintiff claims that the *Vaughn* index supplied is deficient in both form and content. This claim is to be evaluated not by measuring defendant's submission against a model *Vaughn* index, but by assessing whether it provides the information required to fulfill the purpose of an index:

> Although the requirements for an index and explanation have been widely recognized as useful tools, it must be emphasized that these requirements "are not ends in themselves," but are merely methods or procedures that assist the trial court in its de novo review.

*Donovan,* 806 F.2d at 58–59 (quoting *Brown,* 658 F.2d at 74).

## Discussion

The plaintiff makes numerous objections to defendant's index, which are discussed below:

### A. Segregability

■ Plaintiff asserts that defendant has not met FOIA's requirement that where disclosable and exempt information are intermingled, "Any reasonably segregable portion of a record shall be provided ... after deletion of the portions which are exempt under this

subsection." 5 U.S.C. § 552(b). Thus, agencies responding to FOIA requests must furnish disclosable portions of documents even though portions of the document may be exempt. *Donovan v. F.B.I.*, 806 F.2d 55, 58 (2d Cir.1986); *Brown v. F.B.I.*, 658 F.2d 71, 74 (2d Cir.1981); *Vaughn v. Rosen*, 484 F.2d 820, 827 n. 22 (D.C.Cir.1973).

■ Plaintiff protests that DOJ has given no assurance that the requirement of § 552(b) has been met. Plaintiff asks that defendant be required to expressly certify that the documents withheld have been inspected to determine whether any portions are disclosable.

Defendant counters that "[t]he extent to which redacted documents were produced to plaintiff shows.... conscientious agency seg-. regation of information" (Opp'n at 4), and that further assurances that segregable material has been disclosed are unnecessary.

It appears to the court that the plaintiff is justified in asking for specific assurance of compliance with § 552(b). Defendant is directed to furnish such certification.

### B. *Identification of recipients of each document*

■ Plaintiff demands that defendant disclose the names and positions of each person to whom a withheld document was addressed, circulated or disclosed.

Identification of recipients can be relevant to evaluation of claimed exemptions, for in some cases the fact of circulation or of disclosure to third parties after preparation may undermine a claim of exemption. *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 868 (D.C.Cir.1980) (identity of parties to a memorandum is important to evaluating deliberative process exemption); *Coastal Corp. v. Department of Energy*, 496 F.Supp. 57, 60 (D.Del.1980) (circulation list has "obvious importance" for evaluating deliberative process and law enforcement exemptions); *Education/Instruccion, Inc. v. H.U.D.*, 471 F.Supp. 1074, 1081–82 (D.Mass. 1979) (authorized disclosure waives § 552(b)(5) exemption for inter-office memoranda). Defendant responds that it would be unreasonable to require it to investigate the circulation of documents. I agree. That argument, however, does not excuse defendant from furnishing such circulation information as is *known* without need of investigation or is apparent, including indications of distribution that appear on the face of the documents, or are readily apparent upon inspection of the file, or known to those making the examination. DOJ is directed to furnish such information.

### C. *Identification of custodian of each document*

■ The parties similarly dispute whether defendant should be required to identify the custodian of withheld documents. Such information can be pertinent to the evaluation of a claimed exemption. The defendant makes the same objection as above. The court's ruling is similar. Defendant is not required to do research to determine the custodian, but must disclose facially apparent information. Thus if the index entry relates to a document DOJ found in the files of X, the index should so state.

### D. *More detailed information about index entries*

Plaintiff has requested more detailed information on particular documents. (Mem. at 12.) The court has evaluated these requests by asking whether the additional information sought is needed to evaluate the claimed exemption. These requests are in seven broad categories, each of which is taken up below.

#### 1. *Addressee or recipient*

Requested for: 137, 138, 139, 147, 151, 152, 162, 188, 193, 198, 201, 202, 203, 205, 206, 216, 217, 219, 221, 226, 227, 228, 229.

As explained above, this request is generally appropriate. It should be provided, except as to Nos. 188, 216 and 217, for which it has been sufficiently provided.

#### 2. *Source or author of document*

Requested for: 141, 147, 151, 152, 162, 193, 198, 201, 202, 203, 205, 207, 213, 219, 220, 221, 225, 225, 227, 228, 229.

This information should be provided, except for the following:

No. 141—source is identified as Christfield (if plaintiff seeks source of the sample indictment attached to Christfield's memorandum, that should be provided).

No. 207—further identification of attorney unnecessary.

No. 213—further identification of attorneys unnecessary.

No. 225—source of state search warrant unnecessary.

Nos. 228–229—exact source of draft agreements unnecessary.

### 3. *Missing date*

The date of document 202 should be provided.

### 4. *Location, date, nature, sponsor, list of participants or attendees for meetings and conferences*

Requested for: 140, 146, 155, 156, 157, 163, 166, 174, 181, 182, 185, 186, 187, 195, 198, 201, 215, 218, 227.

■ At least some of these details—particularly sponsor and attendees—are necessary to evaluate whether information claimed exempt as attorney work product, agency deliberations, or to prevent interference with actual prosecutions has previously been aired in discussions with members of the public. For example, several entries refer to "meetings" or "conferences" concerning pornography prosecutions. *See, e.g.*, 140, 155, 181, 186. If such meetings or conferences included legislators, members of the public or others not a part of the prosecution team (broadly defined), claimed exemptions may be unavailable.

The defendant is directed to disclose whether meetings and conferences were attended by persons other than those involved with the litigation, and if so, to describe who others present were. Meetings and conferences should be described with sufficient detail for the court to determine whether actual or contemplated prosecutions were discussed, and whether more general policies or other subjects were discussed. Once again, the defendant is not required to do research to discover this information, but should disclose what is known and facially available to those conducting the inquiry.

### 5. *Further description of "action" or "course of action"*

Requested for: 137, 161, 163, 165, 169, 171, 179, 184, 195, 196, 197, 209, 210, 212, 214, 215.

Denied.

### 6. *Further description of "third parties"*

Requested for: 208, 210, 211, 213, 214, 216, 217, 218.

The identification of "third parties" is adequate in items 213, 216, and 217. The defendant should provide additional identification of "third parties" and "other individuals" referred to in the other documents listed.

### 7. *Definition of specific terms*

Requested for: 156, 158, 160, 173, 177, 180, 188, 189, 191, 196, 204, 211, 215, 217, 219, 221, 226, 228, 229.

Denied.

### E. *Adequacy of justifications for withheld documents*

Plaintiff also seeks more detailed justifications for why documents are being withheld—that is, information that will permit evaluation of the applicability of the exemptions claimed.

### 1. *Multiple exemptions cross-referenced to documents by segments*

■ Plaintiff complains that where the defendant has claimed two or more FOIA exemptions for a withheld document, it has not adequately specified which portions of the document are covered by each claimed exemption.

Whenever a claimed exemption applies to less than the entire document, the defendant is directed to specify in the index that the exemption applies to only part of the document and to mark a copy for eventual presentation to the court indicating the portions covered by the claimed exemptions.

### 2. *Exempt status stated for descriptive information withheld*

■ Plaintiff states that when identifying elements of index entries, such as names and subjects, are themselves withheld pursuant to an exemption, the agency must state that the material has been withheld pursuant to an exemption, and must explain why the exemption applies to that information.

With respect to names of agents, investigatory targets, and third parties, the defendant has fulfilled this obligation by stating, "Each of the persons about whom information was withheld has a substantial privacy interest in not being identified with a criminal law enforcement investigation." (McNemar Decl. at 10) (justifying names withheld under § 552(b)(6)); *id.* at 14–15 (justifying names withheld under § 552(b)(7)(C)).

However, where defendant failed to state the "subject" of a withheld document, plaintiff is justified in demanding that the defendant explain generally why it comes within the claimed exception.

### 3. *Ultimate fate of policies discussed in documents withheld under "deliberative process" exemption*

■ Plaintiff demands additional information about policies discussed in documents withheld in whole or in part under FOIA's "deliberative process" exemption. This exemption, intended to protect the quality of agency decisions by exempting documents discussing policy proposals from FOIA's disclosure requirements, arises from § 552(b)(5).[1] *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975).

As recognized by numerous decisions interpreting § 552(b)(5), this exemption applies to documents that are both "deliberative," in that they reflect the give and take of agency decisionmaking, and are "predecisional." *Sears, Roebuck*, 421 U.S. at 150–52, 95 S.Ct. at 1516–17; *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 868 (D.C.Cir.1980). However, if a document covered by this exemption is later expressly adopted or incorporated in a statement of agency policy, the document becomes disclosable, unless exempt for some other reason. *Id.* 421 U.S. at 161, 95 S.Ct. at 1521.

■ Plaintiff interprets this "later incorporation" rule to mean that all *discussions* of a policy become disclosable if the agency later adopts the policy. (Mem. at 14.) Plaintiff thus asks that for every document withheld pursuant to the deliberative process exemption, the government specify what policy was under consideration and affirm that the policy discussed has neither been adopted nor incorporated by reference. Implied in plaintiff's request is the expectation of disclosure for any document concerning a policy that has been adopted by defendant.

Plaintiff's request goes beyond the disclosure required by *Sears, Roebuck.* An exempt document does not become disclosable because the *policy* it discusses is ultimately adopted. Predecisional deliberative communications are protected from disclosure. *Sears, Roebuck*, 421 U.S. at 151–52, 95 S.Ct. at 1516–17 (citations omitted). Rather, an exempt communication becomes disclosable if the *document itself* is adopted, formally or informally, as a statement of agency policy. "If an agency chooses *expressly* to adopt or incorporate by reference an intra-agency memorandum previously covered by Exemption 5 ... that memorandum may be withheld only on the ground that it falls within the coverage of some exemption other than Exemption 5," *id.* at 161, 95 S.Ct. at 1521 (emphasis added); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980) ("[E]ven if the *document* is predecisional at the time it is prepared, it can lose that status if *it* is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public.") (emphasis added).

■ Although the plaintiff reads the "later incorporation" rule too broadly, its request for more details about documents withheld as deliberative has merit. An agency

---

1. "This section does not apply to matters that are inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

that claims the deliberative process exemption bears responsibility for establishing what deliberative process is at issue, and the role played by the documents in issue in the course of that process. *Coastal States Gas Corp.*, 617 F.2d at 868; *Vaughn v. Rosen* ("*Vaughn II*"), 523 F.2d 1136, 1143–44 (D.C.Cir.1975); 5 U.S.C. § 552(a)(4)(B). Agencies may not use the deliberative process exception to shield "orders and interpretations which it actually applies in cases before it." *Sterling Drug, Inc. v. FTC*, 450 F.2d 698, 708 (D.C.Cir.1971). "A strong theme of our opinions has been that an agency will not be permitted to develop a body of 'secret law,' used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as 'formal,' 'binding,' or 'final.'" *Coastal States Gas Corp.*, 617 F.2d at 867. *See also N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29 (1975) ("Exemption 5, properly construed, calls for 'disclosure of all "opinions and interpretations" which embody the agency's effective law and policy'") (citations omitted).

While many of the documents for which the deliberative process exemption is claimed are intra-agency communications about active legal controversies, a category that has been called "a classic case of the deliberative process at work," *Murphy v. Department of the Army*, 613 F.2d 1151, 1154 (D.C.Cir. 1979), and others are clearly protected from disclosure as attorney work product, additional information is needed to determine whether certain documents are part of the defendant's deliberative process.

Accordingly, defendant must show that any document not clearly connected to an active legal controversy is "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters ... [as] part of the agency give-and-take ... by which the decision itself is made." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C.Cir.1975). Defendant must also affirm that any such document was not later incorporated as agency policy.

### 4. Providing facts that documents compiled for law enforcement purposes

 Plaintiff proposes that for each of the many documents claimed to be exempt as "investigatory records compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7), defendant must "supply sufficient facts" to enable the Court to determine that the records were in fact compiled for law enforcement. (Mem. at 15.)

The sole case plaintiff supplies in support of this contention is *John Doe Corp. v. John Doe Agency*, 850 F.2d 105 (2d Cir.1988). But *John Doe* does not address the government agency's obligation to supply facts about law enforcement records; rather, it rejected exemptions under the law enforcement provisions where the *district court* had "made no finding as to whether the records sought were 'compiled for law enforcement purposes.'" *Id.* at 108. Here, the defendant has specifically stated that all records withheld in whole or in part under § 552(b)(7) were compiled as part of criminal investigations into possible criminal violations of obscenity and related statutes, and are thus records or information compiled for law enforcement purposes. (McNemar Decl. at 13, 14, 17, 18.) The Court holds that this representation is sufficient.

### 5. Information on status of law enforcement proceedings

 Plaintiff asserts that documents pertaining to law enforcement proceedings may be withheld only if the proceedings are "active or prospective," and accordingly demands detailed information about each case, prosecution, or investigation referred to in the index. Specifically, plaintiff asks for the name, jurisdiction, docket number, and current status of all proceedings, as well as whether any "official action" has been taken in the proceeding.

Nothing in the cases cited by plaintiff supports its demand for such detailed information. However, the cases plaintiff cites, *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *Coastal States Gas Corp. v. Department of Justice*, 617 F.2d 854 (D.C.Cir.1980); and *Ehringhaus v. F.T.C.*, 525 F.Supp. 21, 23

(D.D.C.1980) do support the proposition that investigatory files compiled for closed cases may be disclosable. The Supreme Court has written that the exemption under § 552(b)(7) "does not endlessly protect material simply because it was in an investigatory file," *N.L.R.B. v. Robbins Tire & Rubber*, 437 U.S. 214, 230, 98 S.Ct. 2311, 2321, 57 L.Ed.2d 159 (1978), and the D.C. Circuit has stated, "There is no reason to protect yellowing documents contained in long-closed files." *Coastal States Gas Corp.*, 617 F.2d at 870. In addition, the court cannot adequately evaluate claims that documents are exempt as attorney work product without knowing whether they have been prepared in anticipation of specific litigation or for trial. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Coastal States Gas Corp.*, 617 F.2d at 865 ("[I]t is firmly established that there is no privilege at all unless the document was initially prepared in contemplation of litigation, or in the course of preparing for trial.").

These cases impose an obligation on the defendant to specify whether the investigations listed in the index refer to particular cases or to generalized classes of prospective cases; to disclose whether particular cases are open or closed; and if closed, to explain why documents about them nonetheless remain exempt from disclosure. The defendant is directed to provide this information in its revised index.

6. *Information about alleged interference or circumvention*

█ Plaintiff seeks further justification for documents withheld pursuant to 5 U.S.C. § 552(b)(7)(A), which protects investigatory records compiled for law enforcement purposes when production would "interfere with enforcement proceedings," and for those withheld under § 552(b)(7)(E), which protects such documents when production would "disclose investigative techniques and procedures." Plaintiff would oblige defendant to make an individualized showing of likely interference or circumvention for each document or part thereof withheld pursuant to these exemptions. (Mem. at 18.)

Plaintiff is correct that defendant "must supply sufficient facts about the alleged interference or circumvention for the Court to adequately test the claimed exemption," (Mem. at 18.) Supplying facts for the court's evaluation of exemptions is the whole purpose of a *Vaughn* index. *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C.Cir.1973). This does not, however, necessarily require an *individualized* showing for each document. A court is entitled to decide that "with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings.'" *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 236, 98 S.Ct. 2311, 2324, 57 L.Ed.2d 159 (1978); *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 777, 109 S.Ct. 1468, 1484, 103 L.Ed.2d 774 (1989); *Wright v. O.S.H.A.*, 822 F.2d 642, 646 (7th Cir.1987); *J.P. Stevens & Co. v. Perry*, 710 F.2d 136, 141–42 (4th Cir.1983).

According to the defendant's declaration that accompanied the *Vaughn* index already supplied, release of the documents withheld under § 552(b)(7)(A) could interfere with enforcement proceedings because they "relate[ ] to strategies, investigative trends, emphasis, and targeting schemes which could reasonably enable targets or potential violators to circumvent prosecution." (McNemar Decl. at 13.) It is readily apparent that revealing information about prosecution strategy for pending cases could lead to interference with enforcement proceedings. But the possibility of interference is not so evident when the "investigations" referred to comprise closed cases or a generalized class of prospective cases. Accordingly, the court directs that for investigative documents claimed exempt under 7(A) but not related to any particular, pending case, the defendant must provide sufficient information for the court to decide whether disclosure will actually threaten "enforcement proceedings." Following *Robbins*, the defendant may, if it wishes, provide this information by categorizing both types of documents and types of investigations.

*Conclusion*

The *Vaughn* index provided by defendant is insufficient in certain respects to allow this court to determine whether documents withheld by the government are properly exempt from disclosure under the Freedom of Information Act. The motion for a *Vaughn* index is granted, with additional information to be supplied by the defendant as directed in this Opinion.

SO ORDERED.